## FIRE ASSOCIATION v. SHORES et al.

No. 14301—Opinion Filed Nov. 6, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

**Insurance—Cancellation of Policy in Reasonable Time—Question for Court or Jury.**

Where an insurance agent receives instructions to cancel policies of insurance, it is his duty to cancel the same within a reasonable time, and where the facts are undisputed and are such that all reasonable ment must draw the same conclusion as to whether the policy was canceled within a reasonable time, the question as to whether the cancellation was within a reasonable time is one of law, exclusively for the court; but, where although the facts are undisputed they are not such that all reasonable men must draw the same conclusion from them, the question as to whether the cancellation was within a reasonable time is one of fact to be submitted to the jury.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by the Fire Association, an insurance company, of Philadelphia, Pa., against Roy Shores and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiff in error.

Champion & George, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendants in error to recover the sum of $1,320 under the terms of a written bond executed by defendants in error to the plaintiff in error guaranteeing the faithful performance on the part of Roy Shores of his duties as local insurance agent of the plaintiff in error at Ardmore, Okla. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The action is based upon the failure and neglect of Roy Shores to cancel a certain insurance policy covering an automobile owned by R. F. McCrory. On June 9, 1921, the state agent of the plaintiff requested Roy Shores to cancel a number of policies covering automobiles, including the automobile belonging to R. F. McCrory. The

policies were not canceled, and on July 16, 1921, the automobile belonging to McCrory was stolen. The plaintiff paid the loss and brought this suit against the defendants to recover the amount so paid from Shores and his bondsmen because of the failure to cancel the policy. The testimony of the plaintiff tended to show that Shores was given unconditional directions to cancel certain policies. The evidence of the defendants tended to show that the agreement between the plaintiff and defendant Shores was that the defendant would cancel the policies, including the policy issued to McCrory, at such time as not to interfere with his other routine of business. The case was tried to a jury and verdict returned for the defendants, from which the plaintiff has appealed.

The only assignment of error presented here is that the court should have directed a verdict for the plaintiff, and it is the contention of the plaintiff that it was the duty of the defendant to cancel this policy within a reasonable time after being instructed to cancel the same, and it is further contended that, if the contention of the plaintiff as to the instructions given relative to the cancellation is eliminated and the evidence on the part of the defendants alone is considered, there is no question of fact to submit to the jury; that, considering the testimony of the defendants as undisputed, the only question for determination of the jury was as to what was a reasonable time within which the defendant should have canceled the policy, and that this question was one for the court and not for the jury. The evidence on the part of the defendants shows that the defendant Shores represented a number of fire insurance companies and, at the time he received instructions to cancel the policies in the plaintiff company, he was engaged in canceling policies in two other companies in addition to transacting the regular routine work of the office, and that these facts were made known to the agent of the plaintiff and it was agreed that the policies in the plaintiff company were to be canceled by the defendant as they were reached without interfering with the other work of the defendant, and there is testimony tending to show that the work of canceling the other policies and other routine work had not been completed at the time of the McCrory loss, and that none of the policies in the plaintiff company had been canceled for that reason. There is also evidence showing that the list plaintiff's agent furnished to Shores to be used in making the cancellation was

lost and that the defendant's clerk who attended to the cancellations forgot the matter of the cancellation of the policies contained in that list after the list was lost. These questions were all submitted to the jury on instructions to which no exceptions were taken by the plaintiff, and the jury in its verdict concluded that a reasonable time under the circumstances had not expired within which to make the cancellation.

It has been repeatedly held by this court that in a trial by jury, even though the facts are undisputed, it is only where the facts are such that all reasonable men must draw the same conclusion from them that the court is authorized to direct a verdict. Continental Casualty Co. v. Owen, 38 Okla. 107, 131 Pac. 1084; Rogers v. O. K. Bus & Baggage Co., 46 Okla. 289, 149 Pac. 839; Meyers v. Caruthers, 83 Okla. 131, 200 Pac. 212. In the instant case, the facts are not such that all reasonable men must draw the same conclusion from the evidence of the defendants as to the reasonableness of the time taken by the defendant to cancel the policies in the plaintiff company, and, such being the case, this question was not one of law for the court to decide, but one of fact to be submitted to the jury, and the trial court properly overruled the demurrer to the evidence.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.