**OKLAHOMA CITY LAND & DEVELOPMENT CO. et al. v. HARE et al.**

No. 7986—Opinion Filed July 24, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 407.)

**1. Statutes—Title of Act—Construction.**

Section 57, art. 5 (Bunn's Ed. § 130), of the Constitution of this state, ordaining that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title," is mandatory; but its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation. The title to a bill may be general and need not specify every clause in the statute; it being sufficient if they are referable to and cognate to the subject expressed. In re County Commissioners of Counties Comprising Seventh Judicial Dist., 22 Okla. 435, 98 Pac. 557; Leatherock v. Lawter et al., 45 Okla. 715, 147 Pac. 324.

**2. Judges—Statutes—Creation of Additional Judge—Title of Act.**

Section 4, of chapter 78, Session Laws of 1910-11, providing an additional district judge for the Thirteenth judicial district, is not unconstitutional and void as being in violation of article 5, § 57, of the Constitution, which requires, "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title," on account of the subject of said section being insufficiently expressed and contained in the title of said act. Neither is said section 4 in violation of article 7, § 9, which provides: "Until otherwise provided by law, the state shall be divided into twenty-one judicial districts, and the qualified electors in each of the said districts shall elect a judge of the district court as

provided herein, except in the Thirteenth judicial district two judges shall be elected."

**3. Appeal and Error—Law of Case—Mandate.**

Where the proceeding, in a cause, directed by the appellate court to the trial court, is not clearly and explicitly expressed in the mandate, the lower court may look to the opinion and syllabus in said cause to ascertain what action the appellate court has directed the lower court to take.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Fred D. Field and others against the Oklahoma City Land & Development Company, a corporation, and others. There was a judgment for plaintiffs and defendants objected to the confirmation of a foreclosure sale, while the purchaser moved to have the sale confirmed. There was a judgment overruling the objections and confirming the sale, and defendants bring error. Affirmed.

W. F. Harn and H. S. Hurst, for plaintiffs in error.

Ledbetter, Stuart & Bell, for defendants in error.

Opinion by PRYOR, C. This action was commenced by Fred D. Field, Rozilla D. Field, and Alfred Hare against H. S. Hurst, J. F. Winans, W. F. Harn, and Oklahoma City Land & Development Company in the district court of Oklahoma county on certain promissory notes in the amount of $23,000 and for foreclosure of a mortgage on certain lands lying in the suburbs of Oklahoma City given to secure the payment of said notes. From the judgment, in favor of the plaintiffs and against the defendants for the amount of said notes and foreclosure of said mortgage, the defendants appealed to the Supreme Court of the state, and the judgment of the lower court was affirmed. Thereafter, on the 6th day of July, 1915, the sheriff, under said judgment, sold the lands covered by the mortgage foreclosed to Alfred Hare for the sum of $1,025. On the 9th and 17th days of July, 1915, defendants filed objections to the confirmation of said sale, and asked that the said sale be vacated and set side on the grounds that the judge who rendered the judgment of foreclosure was neither a de jure nor de facto judge, and was without authority to hear and determine said cause and render said judgment, that the order of sale was not issued, served, or returned according to law, and that said sale was unauthorized, null and void. The objections to the confirmation and motion to set aside said sale

and motion of the purchaser, Alfred Hare, to have the sheriff's sale confirmed, were heard together and at the same time by the court, District Judge George W. Clark sitting. On the 29th day of July, 1915, the court rendered judgment confirming the sheriff's sale of said lands, and overruling the motion to set aside said sale, and the objection to said sale. From this judgment the plaintiffs in error prosecute their appeal to this court.

The contentions made here by the plaintiffs in error for the reversal of this cause are: First, that section 4, chapter 78, Session Laws 1910-11, providing for an additional judge for the Thirteenth judicial district of the state is unconstitutional and void, for the reason that the subject of said provision is not embraced in the title of the act which provided for such additional judge as required by section 57 of article 5, of the Constitution; second, that the providing for such additional judge was in violation of section 9, of article 7; third, the gross inadequacy of consideration; and fourth, on account of the mutilation of the records. Article 5, section 57, of the Constitution, in so far as the same is material here, provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title."

This provision of the Constitution has been construed frequently by this court, and it has been held that the title of the bill may be very generous and comprehensive, and that everything that results as a necessary complement, and necessary to make a complete enactment, is included in the subject generally expressed; that it is not necessary in the title of an act to index or indicate with particularity the subject of every section or clause contained in the act, but it is sufficient if the subject of such clause or section is germane, pertaining to, and referable to the general subject stated in the title. Leatherock v. Lawter, 45 Okla. 715, 147 Pac. 324; City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; In re County Commissioners of Counties Comprising Seventh Judicial District, 22 Okla. 435, 98 Pac. 557.

In the case of Ballentyne v. Wickersham, 75 Ala. 535, in considering this proposition, the Supreme Court of that state held as follows:

"The provision of section 2, art. 4, of the Constitution of this state, ordaining that 'each law shall contain but one subject, which shall be clearly expressed in the title,' is mandatory; but its requirements are not to be exactingly enforced, or in such manner as to cripple legislation. Under

this clause of the Constitution, the title of a bill may be very general, and need not specify every clause in the statute, it being sufficient if they are all referable and cognate to the subject expressed; and when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it. But, if clauses are contained in the act which are not so correlated to the subject expressed in the title as to appear to follow as a natural and legitimate complement, they cannot stand."

This construction of the constitutional provision under consideration by the Supreme Court of Alabama has been followed uniformly by this court in the above-cited Oklahoma cases and other Oklahoma cases.

The title of the bill which provided for the additional judge for the Thirteenth judicial district, the same being chapter 78, Session Laws of 1911, is:

"An act providing for the reapportionment of the state of Oklahoma into judicial districts, and declaring an emergency."

Applying the law and rules of construction as announced by the foregoing authorities, it seems very plain that this title of this bill meets squarely the requirements of the Constitution. The providing for additional judges or the abolishing of judges in most every instance necessarily follows and accompanies the reapportionment of the state into judicial districts; it is a part of the scheme of reapportioning and redistricting. The subject, as expressed, is comprehensive enough to embrace the provision for the additional judge, and the provision is sufficiently related to the general subject-matter of the act to bring it within the constitutional requirements. It must therefore be held that the provision in said act providing for an additional judge is not in contravention of the Constitution and inoperative for that reason.

The next contention of the plaintiffs in error is that article 7 of section 9, which provides:

"Until otherwise provided by law, the state shall be divided into twenty-one judicial districts, and the qualified electors in each of the said districts shall elect a judge of the district court as provided herein, except in the Thirteenth judicial district two judges shall be elected"

—forbids the Legislature to provide for more than two judges in the Thirteenth judicial district. In construing this provision, all of the provisions of the Constitution providing for the proportioning of the state into judicial districts must be considered. The constitutional convention apportioned this state into 21 judicial districts, and in the apportionment the counties of Oklahoma and Canadian were embraced in one district, No. 13, with the provision that it should have two judges. Each of the other districts was given one judge only. This arrangement of the judicial districts of the state and providing for the judges thereof was only temporary, and the Constitution itself expressly provides that this arrangement shall only continue until otherwise provided by law. To give the phrase, "except in the Thirteenth judicial district two judges shall be elected," the force and effect contended for by the plaintiffs in error, would mean that the constitutional convention had seen fit to erect Oklahoma and Canadian counties into one permanent judicial district, with the provision that it should have no more nor less than two judges, and that this district or the number of judges thereof could not be changed otherwise than by a constitutional amendment. Palpably this was not the intention of the convention. It is plain that no peculiar reason existed at the time of making this apportionment by the constitutional convention which demanded that the convention should make this distinction between the Thirteenth judicial district and the other judicial districts. There was no valid reason for this distinction, nor that the convention should constitute the Thirteenth judicial district a constitutional district with two judges and leave the other districts subject to the legislative will. This expression is used only in the Constitution to make it plain that the Thirteenth judicial district was not limited to one judge, as the Constitution had provided that this district should have two, and only excepts it from the provision which limits the other districts to one judge as then constituted. This contention must fall, and W. R. Taylor, who heard and determined the main action, was a legally constituted judge of the Thirteenth judicial district.

The mandate handed down in the main action of this cause from the Supreme Court, omitting the caption, is in words as follows:

"Whereas, the Supreme Court of the State of Oklahoma did at the April, 1915, term hereof, on the 4th day of May, 1915, render an opinion in the above-entitled cause appealed from the district court of Oklahoma county, affirming the judgment of the lower court herein: Now, therefore, you are hereby commanded to cause this reversal to be shown of record in your court, and take such other and further proceedings herein as

shall accord with said opinion and right and justice.

"Witness the Honorable Mathew J. Kane, Chief Justice of the Supreme Court of the state of Oklahoma, this 25th day of May, 1915.

"William M. Franklin, Clerk,

"By Oneal Orr, Deputy."

It will be noticed that it first appears from this mandate that the cause was affirmed, and then follows the words, "you are hereby commanded to cause this reversal to be shown of record." The record shows that the deputy clerk of the Supreme Court, through the deputy clerk of the district court, attempted to make a correction of this mandate, erasing the word "reversal" and substituting appropriate words to show that said cause was affirmed. This attempt, however, was made after the sale of said property, and after objections to the confirmation of the sale had been filed by the plaintiffs in error. It is the contention of the plaintiffs in error that this attempted correction of the record on the part of the clerks was in violation of law, and rendered the sale of said property fraudulent and void. The better reason seems to be that this correction of the mandate, whether rightfully or wrongfully, in no wise affected the sale, as the same was attempted after the sale was made. As shown by the record, as disclosed by the case-made herein, the Supreme Court had affirmed the judgment of the lower court in foreclosure proceedings under which this sale was made, and that the mandate, with certified copy of the syllabus of the opinion of the Supreme Court, was transmitted to the court clerk of the court below and filed in said cause and made of record. On the face of the mandate unquestionably there is ambiguity and uncertainty. Where there is ambiguity and uncertainty, the opinion of the appellate court and the syllabus may be looked to, in order to ascertain the meaning of the mandate.

"In construing the mandate, or in determining the action to be taken thereon, in case of a general order or incomplete directions, the lower court should look to the reasons stated in the opinion of the appellate court, and be governed thereby in the action taken. Especially is this true when the remand is for further proceedings in accordance with, in conformity to, or not inconsistent with, the opinion, for in such case the opinion is practically a part of the mandate." 3 Cyc. 491; Bloxham v. Fla. Cen. & P. R. Co., 39 Fla. 243, 22 South. 697; Noonan v. Horton, 31 Wis. 265; West v. Brashear, 14 Pet. 51, 10 L. Ed. 350.

There would be no difficulty in determining the action taken by the Supreme Court on appeal in said cause from the mandate and the syllabus and opinion in said cause, and no difficulty in determining what action the trial court should take.

The last contention of the plaintiffs in error is that the sale is voidable by reason of the gross inadequacy of the consideration paid by the purchaser for the land sold. The record does not disclose that this question was presented to the court below. There is no evidence in the record in regard thereto, and none as to the value of said property. There was nothing in the record in regard to this contention for this court to pass upon.

There being no reversible error committed by the trial court, the judgment of the lower court should be affirmed.

By the Court: It is so ordered.