**HARPER v. AETNA BLDG. & LOAN ASS'N.**

No. 12110—Opinion Filed June 13, 1922.

Rehearing Denied Sept. 26, 1922

Second Rehearing Denied Jan. 16, 1923.

(Syllabus.)

1. **Appeal and Error—Remand—Subsequent Proceedings—Jurisdiction of Trial Court.**

When a cause is reversed and remanded by the Supreme Court, and the mandate is

received and entered of record by the trial court, then the trial court is vested with jurisdiction to make any order or enter any judgment in the further progress of the cause not inconsistent with the decision of the Supreme Court, and in making such orders the trial court has jurisdiction to interpret the decision and mandate of the Supreme Court.

## 2. Lis Pendens—Rights Acquired by Purchaser—Pendency of Action.

A purchaser of real property from a party to a pending action is bound by the judgment rendered in such action against his grantor and acquires no greater right than his grantor. This rule applies without regard to the form of action or whether the decree is erroneous.

## 3. Same—Right of Purchaser to Vacation of Judgment of Foreclosure.

Records examined, and held, the plaintiff in error was bound by the judgment, and that the motion to vacate was properly overruled.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Aetna Building & Loan Association in foreclosure against Lucie H. Holt and E. I. Holt. Judgment for plaintiff. C. B. Harper filed motion to vacate the judgment, asserting an interest in the property involved in the foreclosure. Motion overruled. Movant brings error. Affirmed.

John H. Hayson and Wm. P. Harper, for plaintiff in error.

John D. Rogers and Suits & Hall, for defendant in error.

KENNAMER, J. This is an appeal from the district court of Oklahoma county. On August 8, 1911, Lucie Holt and E. I. Holt executed a note to the Aetna Building & Loan Association, the defendant below and defendant in error here, for $3,200, payable according to the by-laws of said association, and executed a mortgage on lot 6 in block 20, in Jefferson Park addition to Oklahoma City, Oklahoma county, Okla., to secure the payment thereof. Because of the nonpayment of said note, as well as of insurance and the taxes, foreclosure action was instituted in the district court of Oklahoma county on May 21, 1913. Lucie M. Holt and E. I. Holt, defendants in this suit, by their attorney, William Harper, answered by general denial, except an admission was made as to the execution of the note and mortgage; and they affirmatively pleaded that said note and mortgage were usurious, asked for cancellation of said instruments, and for judgment against the association. Reply

having been filed, in which the affirmative allegations of the answer were denied, trial was had on December 11, 1914, the defendants in said suit appearing in person and being represented by their attorney above named. The district court held the contract usurious, set off double the amount of interest, membership fees, and commissions paid against the claim of the association, and rendered judgment for it for $2,449 and the foreclosure of the mortgage.

An appeal to this court was taken by said association, and on June 8, 1920, judgment of reversal was rendered, it being held that the contract sued on could not be construed as a valid building and loan transaction under the laws of this state; that said association was not entitled to the protection of the Oklahoma building and loan association laws; that it occupied the same position as an ordinary lender of money; that the note and contract sued upon were not usurious; and that the said association should have judgment for the principal of the note and for the money advanced and insurance, after allowing credits on said sums for payments made on the stock purchased and for entrance fees collected when the loan was made, with six per cent. interest per annum from the time the money was received by the defendants or advanced for them, and the trial court was directed to render judgment accordingly. Holt et al. v. Aetna Building & Loan Ass'n, 78 Okla. 307, 190 Pac. 872.

The mandate of this court in said cause was spread upon the records of the district court, and on September 11, 1920, the said association filed a motion for judgment on the mandate, which, when the same came on to be heard, was overruled. Said cause was thereupon assigned for trial in the district court on November 29, 1920, and on said date was regularly tried and judgment rendered for said association for the sum of $4,617.22 and for a foreclosure of the mortgage on the real estate hereinbefore referred to. This judgment was not appealed from and became final, and said association caused an order to be issued for the sale of said real estate under said foreclosure. On December 31, 1920, after the rendition of the judgment above referred to on November 29, 1920, the plaintiff in error, C. B. Harper, filed her motion in the court below to vacate the judgment in so far as the same constitutes a decree of foreclosure against the real estate described in the mortgage, and to modify the judgment as to the amount of recovery adjudged in favor of said association from the sum of $4,617.22 to the sum of $4,267.74; the grounds for said motion

being, first, that the movant was then, and had been for several years, the owner of the said real estate described in said mortgage, and in the actual occupancy of the same as a homestead; and, second, that said judgment, in so far as the same is a decree of foreclosure of the mortgage sued on in said action against the said property claimed by said movant, is void, and that the district court was without power or jurisdiction to adjudge said mortgage to be a lien upon said property; and, third, that the amount of the money judgment rendered was excessive and should be reduced. This motion was by the district court overruled on January 10, 1921, and it is from the action of said court on said motion that this appeal is prosecuted in this court.

The records of this court show that in case No. 12012 in this court, the plaintiff in error, C. B. Harper, as petitioner, filed her petition against George W. Clark, as judge of the district court of Oklahoma county, Okla., in which she prayed that this court direct the trial court to vacate that part of the judgment involved in this appeal upon the ground that said district court had exceeded its authority and jurisdiction in that it had not followed the mandate and opinion of this court. This court in that case refused to issue the writ of mandamus asked for.

Plaintiff in error makes the following assignments of error:

"First. The court erred in overruling plaintiff in error's motion to vacate and set aside all that portion of said judgment which finds and adjudges that the mortgage sued on in this action is a valid lien upon and against the property in said mortgage and judgment described, and decrees the foreclosure thereof and orders that said property be sold in satisfaction of said judgment.

"Second. The court erred in overruling plaintiff in error's motion to vacate such portion of said judgment for this, that such portion of such judgment constituted relief in excess of that directed by the mandate of this court in said cause, and was so rendered and entered in violation of and contrary to the direction of such mandate and is void.

"Third. The court erred in overruling plaintiff in error's motion to vacate such portion of such judgment for this, that under the pleadings in said action and decision, judgment and mandate of this court in said cause such portion of such judgment was so made and entered in violation of the provisions of the Constitution and laws of the state of Oklahoma and the Constitution of the United States relating to due process of law, and is void."

As stated by the plaintiff in error in her brief, the several assignments of error involve but one proposition, viz.:

"That the portion of the judgment constituting a foreclosure of the mortgage sued on against the property of plaintiff in error is in excess of the power granted, and directed to be exercised, by the mandate of the Supreme Court, and is void; that under the directions of the mandate the court had no power to render any other or further judgment than a judgment against the defendants for the sums mentioned and directed in the mandate."

As has been shown, the plaintiff in error, C. B. Harper, was not a party of record in the cause in which the judgment complained of was rendered. After that judgment was rendered, said plaintiff in error filed her motion in the district court alleging that she was the owner of the real estate covered by the mortgage which was foreclosed, and asked that the court vacate said judgment because, as she alleged, the same was void. It is not shown in the record when the plaintiff purchased the property, but it is not claimed by her that such purchase was made before the suit was filed by the defendant in error, the Aetna Building & Loan Association, against Lucie M. Holt, E. I. Holt, and others, which was on May 21, 1913. The record further shows that the answer of the defendants in the case last mentioned was filed May 8, 1914, and that Wm. P. Harper signed said answer as attorney for said defendants. The statement in the brief of the defendant in error in this case that said Wm. P. Harper is the husband of the plaintiff in error, C. B. Harper, has gone unchallenged. We therefore take it as conceded that the plaintiff in error became the owner of the property pendente lite.

Section 4732, Revised Laws, Oklahoma, 1910, provides as follows:

"When the petition has been filed, the action is pending so as to charge third persons with notice of its pendency, and while so pending no interest can be acquired by third persons in the subject-matter thereof as against plaintiff's title."

The rule which we think applies to the plaintiff in error is thus stated in 25 Cyc. 1476:

"One acquiring interests pendente lite in a proceeding which is lis pendens is bound by the decree without regard to its form or whether it is erroneous."

It is so held in the cases of Norris v Ile, 152 Ill. 190, 38 N. E. 762, 43 A. S. R. 233,

and McIlwrath v. Hollander, 73 Mo. 105, 39 Am. Rep. 484. This court has laid down the same rule in Lumber Co. v. Epps, 48 Okla. 372, 150 Pac. 164; Blackwell v. Harts, 66 Okla. 94, 167 Pac. 325; Smith v. Curreathers Merc. Co., 76 Okla. 170, 184 Pac. 102. In the case of Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, it was said.

"One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of the action, is bound by the judgment rendered therein against his grantor and acquires no greater right than his grantor."

The first paragraph of the syllabus of the last cited case is as follows:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein."

In the case of McWhorter v. Brady et al., 41 Okla. 383, 140 Pac. 782, this court stated the essential elements of lis pendens as follows:

"(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the persons and the res; (3) the property or res invoked must be sufficiently described in the pleadings."

The plaintiff in error, C. B. Harper, having purchased the property covered by the mortgage of the defendant in error at some time during the nine years covered by this litigation, during all of which time her husband, Wm. P. Harper, was the attorney of record of the parties opposing the foreclosure of said mortgage, she is bound by the judgment of foreclosure to the same extent as though she had been a formal party of record at the time said judgment was rendered.

In reversing the case of the Holts against the Aetna Building & Loan Association, the following was the language and direction of this court:

"It follows that plaintiff is entitled to judgment for the principal of the note sued on and for insurance money advanced on the property, after allowing credit on said sums for entrance fees collected when the loan was made, with 6 per cent. interest per annum from the time the money was received by defendants or advanced for them. This cause is therefore reversed, with directions to the trial court to render judgment accordingly."

The mandate, as shown by the records of this court, was as follows:

"Whereas, the Supreme Court of the state of Oklahoma did at the June, 1920, term thereof, on the 8th day of June, 1920, render an opinion in the above-entitled cause, appealed from the district court of Oklahoma county, reversing the judgment of the trial court, with directions. Now, therefore, you are commanded to cause such reversal to be shown of record in your court and further proceedings herein shall accord with right and justice."

The decision of this court in that case was to the effect that the plaintiff therein, the Aetna Building & Loan Association, having entered into a contract with the Holts that was not strictly a building and loan contract, the dues upon stock, fines, membership fees, and all other payments made, except interest actually due, and the necessary and statutory fees for examining the title and preparing the abstract, must be credited on the loan; that the status of its loan to the Holts could not be worse than that of an ordinary loan, and that, considering the uncertainty of the law and the decisions relating thereto, the association ought to have whatever security the law could throw around it as a loan, and not be subjected to the severe penalties imposed on those who wantonly and flagrantly violate the law; that the loan was not usurious, and that the Holts, having given their note in good faith to procure the loan, are morally bound to pay the debt and to return the money actually received, with interest at the legal rate. This court was not asked in that case to decide, and did not decide, that the mortgage by the Holts to secure said loan was void. This court only held that the items hereinbefore mentioned were not legal obligations as to the Holts, and that the amounts thereof should be created on the loan. These items representing illegal indebtedness are readily separable from that part of the indebtedness which is legal. The conclusion naturally follows that the mortgage was valid as security for the legal indebtedness which the Holts were by this court found to be due to said association. The position of the plaintiff in error, C. B. Harper, is that because this court did not direct the trial court to proceed with the foreclosure of the mortgage executed by the Holts to secure their valid indebtedness, that part of the judgment of the trial court which finds and adjudges that said mortgage is a valid lien upon and against the real property therein described constituted relief in excess of that directed by the mandate of this court. With this we cannot agree. There was no question touching the

validity or invalidity of said mortgage decided by this court in that case. The only question decided was that a part of the indebtedness of the Holts to the association was illegal, and they were relieved from the payment thereof. The mortgage and the foreclosure thereof were mere incidents to the indebtedness of the Holts to the association.

This case is readily distinguished from the case cited by plaintiff in error of St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 425, 146 Pac. 38. In that case this court held in effect that where the findings and conclusions of this court cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and that such trial court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts had been adversely determined by the opinion of the court. In this case this court made no finding or conclusion whatsoever relative to the mortgage which secures the indebtedness of the Holts, and the direction in the opinion was that the case was reversed with directions to render judgment for the principal of the note sued on and for insurance money advanced on the property, after allowing certain credits hereinbefore referred to, and in the mandate the trial court was "commanded to cause such reversal to be shown of record in your court, and further proceedings herein shall accord with right and justice." The trial court construed the mandate to mean that "right and justice" required a judgment of foreclosure of the mortgage executed by the Holts, in addition to the money judgment against them, and in this construction we concur.

The general rule upon this subject is thus stated in 4 C. J. p. 1220:

"Generally, on the remand of a case, the trial court may make any order or direction in its further progress that is not inconsistent with the decisions and directions of the appellate court. And this rule is especially applicable where the mandate recognizes a certain discretion in the trial court. A very similar rule is that the trial court may consider and decide any matters left open by the mandate of the appellate court. The trial court may take such action, not inconsistent with the decision of the appellate court, as in its judgment, law and justice require, when the case has been remanded generally without directions, or for further proceedings, or for further proceedings not inconsistent with the opinion."

In the case of Lynn v. McCue, 99 Kan. 400, 161 Pac. 613, it was held that "When the mandate was spread of record and the case was again brought before the trial court, that court was vested with jurisdiction and power to interpret the decision and mandate of the Supreme Court which, it is held, were fairly open to interpretation." The reason for the rule is that the trial court must interpret the mandate of the appellate court in order to proceed as directed.

In Harding v. Garber, 20 Okla. 11, 93 Pac. 539, this court held that a mandate to an inferior court, reversing an order setting aside a decree of foreclosure, and directing an order to be made in the foreclosure proceeding that will permit one of the defendants therein to appear and defend, but which will not disturb the possession of another defendant who is a mortgagee in possession, does not deprive the inferior court of jurisdiction to appoint a receiver when grounds exist therefor.

In the case of State ex rel. Goldsborough v. Houston, 28 Okla. 718, 116 Pac. 161, this court held that "The district court may determine any matters left open by the mandate of this court, and judgment rendered thereon can be reviewed in this court by new proceedings in error only."

In Oklahoma City Land & Development Co. v. Hare, 66 Okla 190, 168 Pac. 407, it was said:

"Where the proceedings in a cause, directed by the appellate court to the trial court, is not clearly and explicitly expressed in the mandate, the lower court may look to the opinion and syllabus in said cause to ascertain what action the appellate court has directed the lower court to take. * * *

" 'In construing the mandate, or in determining the action to be taken thereon, in case of a general order or incomplete directions, the lower court should look to the reasons stated in the opinion of the appellate court, and be governed thereby in the action taken. Especially is this true when the remand is for further proceedings in accordance with, in conformity to, or not inconsistent with the opinion, for in such cases the opinion is practically a part of the mandate.' 3 Cyc. 491; Bloxham v. Fla. Cen. & P. R. Co., 30 Fla. 243, 22 South. 697; Noonan v. Horton, 31 Wis. 265; West v. Brashear, 14 Pet. 51, 10 L. Ed. 350."

The judgment of the trial court overruling the motion of the plaintiff in error to vacate the judgment of the trial court fore-

closing the mortgage of the defendant in error is in full respects affirmed.

JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.