## OKLAHOMA COMPANY, Inc., et al. v. STATE INDUSTRIAL COM. et al.

No. 21525. Opinion Filed April 21, 1931.

Ames, Cochran, Ames & Monnet, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award made in favor of the claimant before the State Industrial Commission, respondent herein. The award was for temporary total disability, permanent partial disability of the left arm, and disfigurement to the nose. It is here contended that there was no evidence to support the award for temporary total disability or for disfigurement.

The claimant testified that he was unable to work and Dr. Breco testified that he was not able to do manual labor at all. Under that state of the record, the award in favor of the claimant for temporary total disability based on that testimony, being reasonably supported by some competent testimony, will not be disturbed by this court. Transcontinental Oil Co. v. Eoff, 126 Okla. 91, 258 Pac. 743.

With regard to the serious and permanent disfigurement of the nose for which an award of $500 was made, the evidence consisted largely of the personal appearance of the claimant, which is not disclosed by the record. It was based upon the conclusion of the members of the State Industrial Commission formed from their personal examination of the claimant. The record does not contain sufficient evidence that this court may say therefrom that there was any serious and permanent disfigurement of the respondent within the meaning of section 7290, C. O. S. 1921, as amended. That section requires a showing of both "serious" and "permanent" disfigurement as prerequisite to an award for disfigurement.

The record shows that respondent was injured about the face, the injury consisting of "cut across my eye, cut on the top of the head, and my nose crushed." It shows the following:

"Q. I want you to stand up and let the Commission look at you from a side view. (Claimant stands up before Commission.) Q. All these bones here were crushed up, were they not? (Indicates.) A. Yes, sir."

It is clear that what the members of the Commission saw is not reflected in the record. If the statute provided for an award for disfigurement, the record might be held to be sufficient, but such is not the statute. There is nothing in this record to show that the disfigurement, if any, was either "serious" or "permanent." Disfigurement might be serious and not permanent and it might be permanent and not serious. To entitle an injured workman to compensation it must be both.

We want to caution claimants before the State Industrial Commission against confining their evidence to that that may be reflected only in the minds of the members of the Commission. They should keep in mind the fact that upon review by this court this court has before it only a transcript of the record made before the Commission and that unless that transcript shows evidence reasonably tending to support the award of the Commission the award must be disapproved.

Petitioners offer to pay the expenses of the respondent to Oklahoma City that the members of this court may examine him and that offer is accepted for the respondent. To adopt that policy would be to make a trial court of this court and to contravene the plain terms of the statute requiring the review of an award of the State Industrial Commission to be made from the record of the proceedings before the Commission.

The award for temporary total disability and for permanent partial disability is approved and the award for disfigurement is disapproved. The cause is remanded to the State Industrial Commission for further testimony as to the nature and extent of the injury to the face of the respondent.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.