## WELCH v. WELCH.

No. 24381. March 31, 1936.

Rehearing Denied June 16, 1936.

Second Petition for Rehearing Denied June 30, 1936.

A. J. Welch and Meacham, Meacham & Meacham, for plaintiff in error.

Keaton, Wells, Johnston & Barnes and R. H. Dunn, for defendant in error.

BUSBY, J. This is the second time this cause has been before us on appeal. Our first decision is styled Welch v. Welch and is reported in 145 Okla. at page 286, 292 P. 824. Apparently the effect of our former decision has been misapprehended by the plaintiff in error, which misapprehension has resulted in the present appeal. After carefully reviewing our former opinion, we are unable to perceive any reasonable grounds for misinterpretation. However, we shall in this opinion endeavor to set at rest any doubts concerning the effect of that decision.

Perhaps the best method of approaching the questions involved in this case is to briefly review the history of this litigation preceding the former opinion and summarize the judgment of the trial court then reviewed and our modification and affirmance thereof as stated in the former opinion prepared for this court by Mr. Justice Cullison.

This action was commenced in the district court of Custer county by Beulah H. Welch, as plaintiff, against Andrew J. Welch, as defendant, to obtain a decree of divorce and a settlement of property rights between the parties. The divorce was granted upon the grounds of extreme cruelty and in adjusting the financial differences between the parties the trial court directed that the defendant pay to the plaintiff the sum of $22,500 as permanent alimony to be paid at the rate of $150 per month. As a separate provision of the decree and judgment, it was ordered that the plaintiff receive the family household goods and kitchen furniture and that the plaintiff be entitled to occupy the family residence until the first day of January, 1930. Provision was made that the defendant should buy or build for the plaintiff a residence at a cost of not less than $4,000. or, in lieu thereof, pay to the plaintiff the last-mentioned sum in cash, it being provided that upon the purchase or completion of such residence for the plaintiff, or the payment of such sum in cash, the defendant might re-enter and re-occupy the family residence.

The portion of the trial court judgment embodying the foregoing provisions was set forth verbatim in our former opinion. The judgment also provided in portions thereof not quoted in the previous opinion that the defendant pay the sum of $750 as attorneys' fees for the plaintiff's attorneys. The plaintiff, Beulah H. Welch was apparently not satisfied with the grounds upon which the divorce was granted nor with the disposition of the financial differences between the parties. She therefore appealed to this court. Her contentions concerning the grounds upon which the divorce was granted were denied, but her contentions concerning the financial adjustment were sustained in part. We decided, for the reasons stated in the former opinion, that in lieu of the $22,500 payable at the rate of $150 per month, the defendant should convey to the plaintiff, free and clear of all incumbrances, lots 17 and 18 in block 38, in the city of Clinton, Okla., together with all improvements thereon. We made the order in the form of a modification of the judgment of the trial court, and, as modified, the judgment was affirmed. We did not disturb any other part or portion of that judgment.

The defendant, Andrew J. Welch, who appears in this proceeding as plaintiff in error, now asserts that the effect of our former decision was to relieve him of the necessity of buying or building a residence for the plaintiff, or in lieu thereof, paying the $4,000.

This contention is untenable. The challenged provision of the trial court judgment is separate and distinct from and in addition to the requirement that $22,500 be paid in monthly installments. Our modification of the judgment did not affect the separate and distinct provision alluded to. Language more definite could scarcely have been chosen. We said:

"It is, therefore, the judgment of this court that, in lieu of the $22,500 alimony payable in monthly installments of $150 as required by the trial court's decree, the defendant convey to plaintiff, free and clear of all incumbrance, lots 17 and 18, block 38, Clinton, Okla., together with the improvements thereon.

"In all other respects, the decree of the trial court is affirmed." (Emphasis ours.)

The affirmance of the decree in all other respects, of course, included an affirmance of that separate and distinct portion of the decree directing the defendant to provide a residence for the plaintiff or to pay a lump sum in lieu thereof.

Had our former decision been immediately complied with when the mandate reached the trial court, there could scarcely have arisen any reasonable dispute concerning the rights of the parties pursuant thereto. Apparently there was not an immediate compliance. In fact, some portions of the judgment have not yet been complied with. This failure to adjust the rights of the parties in accordance

with the judgment may have given rise to certain matters which would require a further adjudication in the trial tribunal. Such as, for instance, the responsibility for the payment of interest on the $4,000 mentioned herein, or the responsibility for the rents and profits received from the described property subsequent to the time the plaintiff should have received the same by conveyance. But certainly the failure to comply did not create any ambiguity or uncertainty in the meaning of our prior opinion concerning the obligations definitely approved or created thereby.

There is no petition for rehearing filed in connection with the prior decision of this court and the same became final in November, 1930.

On the 16th day of January, 1931, the plaintiff filed in the trial court a pleading styled "Application for citation and an accounting," in which she sought to have the defendant cited for contempt for alleged failure to comply with the order and judgment previously reviewed in this opinion. To this application an exhaustive and detailed response was filed by the defendant. A detailed review of this pleading is impractical in this opinion. Concerning that portion of the judgment requiring the payment of $4,000 in lieu of a residence, the defendant asserted in substance, that while he·believed the previous opinion of this court would be construed to excuse him from that responsibility, he had not insisted upon such construction, but, on the contrary had in recognition of that provision of the judgment tendered satisfaction thereof to the plaintiff. The particular nature of the tender was more specifically described in the pleading. It is sufficient to say that the tender was a check for $3,773.40 which was asserted to represent the $4,000 item, less a $450 claimed credit for the payments on alimony and an additional claimed credit for the rental value of the residence which had been occupied by the plaintiff during the time the former appeal was pending, plus the $750 attorneys' fee mentioned in the judgment.

The record shows that the same tender was accompanied by a tender of a warranty deed to the premises ordered to be conveyed and also a tender of another check for $155 alleged to constitute the rents received by the defendant on the property conveyed by virtue of our prior decision. In connection with all of these tenders the defendant demanded that the same be accepted as full and complete satisfaction of the judgment as previously modified and affirmed by this court. These conditional tenders were re-fused by the plaintiff by reason of the conditions thus imposed.

The plaintiff in this connection took the position that, since her residence in the former home of the parties was a temporary provision of the decree for the purpose of providing her a home until the defendant should, in accordance with the decree, make suitable provision or pay the cash sum specified in lieu thereof she was not subject to being properly charged with the rental value of such premises during any part of the period of occupancy prior to such time as the defendant should have complied with the residence provision of the decree, which had not been done, and that the deduction of such rental value was an improper deduction. It also appears that, although the conveyance of real estate involved was subsequent to the first day of October 1930, the defendant had not paid and did not offer to pay the taxes on such property for that year: that the property was therefore not free and clear of incumbrance as required by the decree of court. (See in this connection section 12714, O. S. 1931.)

The issues as framed by the application and response thereto were tried before the Honorable F. Hiner Dale, assigned judge, who, upon consideration of the evidence introduced by the respective parties developing facts previously mentioned in this opinion, rendered judgment determining that the defendant had not **willfully disobeyed the judgment** and adjudged that the defendant was therefore not guilty of contempt. The journal entry of this judgment reviews the tenders previously made. It does not, however, pass upon the sufficiency thereof to satisfy the prior judgment. This determination that the defendant was not guilty of contempt was not appealed from and became final.

The defendant now contends that the adjudication that he was not guilty of contempt amounted to a construction and interpretation of the decree as modified and affirmed in our prior opinion and adjudicated that such prior decision did not require him to pay either the $4,000 previously mentioned therein or the $750 attorneys' fee.

We are not impressed with this argument. The proceeding in which the defendant was adjudicated not to have been guilty of contempt was neither a statutory nor equitable proceeding to vacate, modify, or alter the previous judgment. In so far as the $4,000 item was concerned as well as the $750 attorneys' fee item the decision was so plain that there was no possible room for interpre-

tation, and we cannot assume that the learned assigned trial judge misconstrued the plain meaning thereof. It would seem clear that the decision holding the defendant not guilty of contempt went no further than it by its provisions purported to go, namely, that the defendant was not gui.ty of willful disobedience of the provisions of the judgment.

When this court in a former appeal definitely and explicitly decides the issues in controversy and enters or directs the entry of a judgment in accordance with the issues thus decided and such decision becomes final and a mandate is issued to the trial court the trial court is thereafter without authority to review the record, opinion or judgment of this court for the purpose of determining the correctness of our decision, or to enter a judgment contrary to such decision. See Randol v. Harbour-Longmire Co., 127 Okla. 7 259 P. 548; Stumpff v. Harper et al., 90 Okla. 195, 214 P. 709; Fooshee ct al. v. Craig et al.. 110 Okla. 189, 237 P. 78.

We do not think the decision of the assigned trial judge is susceptible of a construction contrary to the principle above stated.

In December, 1931, plaintiff filed in the trial court an application for an order to require the defendant to comply with that portion of the judgment requiring the payment of the $4,000 item and the $750 attorneys' fee item. This application was resisted by the defendant and a hearing was had before Hon. Asa E. Walden assigned trial judge, who, at the conclusion of the hearing which was held on the 23rd day of March, 1932, rendered judgment requiring the defendant to pay the two items above mentioned together with interest thereon from the 5th day of August, 1932. The journal entry of this judgment was apparently not signed until a motion for new trial was overruled on the date last above mentioned. The present appeal was perfected from this judgment. It was not contended by the defendant at any time during the proceedings that he had built or bought the residence required by the decree or that he had paid either of the items above mentioned, nor did he assert his financial inability to respond to the judgment in these respects. The defendant did however, seriously contend before the trial tribunal in connection with the

hearing on the last-mentioned application that he had been excused from responsibility of paying these items by reason of the judgment in the contempt proceeding. We have already seen this contention is without merit.

The defendant further contends in connection with the proceedings he.d before the Hon. Asa E. Walden that he was entitled to a jury trial upon the theory that his plea of res adjudicata raised a question of fact. He demanded such trial and the same was refused.

It is unnecessary for us to determine whether as a matter of law a litigant in this kind of proceeding would ever be entitled to a jury trial. We need not go that far, for it is certain that there was no question of fact involved in the proceedings now under review which could have been decided by a jury. It would not have been proper to permit a jury to determine the legal effect of Judge Dale's decision in the contempt proceeding. Had any other conclusion been announced, with respect to the effect of that decision, we could not sustain the same.

It is to be observed in connection with the decision of the learned trial judge that the date from which interest is said to run is extremely favorable to the defendant, who perhaps should have been required to pay interest at the rate of 6 per cent. from the date on which his former wife vacated the former residence of the parties, namely, November 17, 1930. The interest during the intervening time may have been disallowed upon the theory that the defendant was entitled to a credit in the sum of $450 on the $4,000 item. In the application for citation for contempt fi'ed by the plaintiff, the propriety of allowing this credit was admitted. It was not allowed in the decision now before us for review. Since the amount of interest improperly disallowed exceeds $450, and in view of the fact that no particular complaint is made either concerning the failure to allow the $450 or the failure to allow interest from the prior date, we shall not disturb this feature of the judgment, but shall allow the one to offset the other.

The judgment of the trial court is therefore affirmed.

McNEILL, C. J.. OSBORN, V. C. J., and PHELPS and GIBSON, JJ., concur.