## FLATT et al. v. WIGGS et al.

No. 27355.    Oct. 5, 1937.

Tom D. McKeown, for plaintiffs in error.

Don Welch and Hal Welch, for defendants in error.

RILEY, J. This is the second appeal in this case. The facts out of which the litigation arose are stated in the former opinion, Wiggs et al. v. Flatt et al., 154 Okla. 94, 6 P. (2d) 690.

Therein the parties were given leave to recast their pleadings, which was done.

Upon remand, after the pleadings were recast, a jury was impaneled and sworn. Opening statements were made by counsel for both parties. Thereupon counsel for plaintiffs moved for an instructed verdict upon the opening statement of counsel for defendants. The motion was sustained, and, after dismissal without prejudice by plaintiffs of their claim for rents and profits, judgment was entered for plaintiff for possession of the premises in controversy. From this judgment, defendants appeal.

Judgments upon the opening statement of counsel are somewhat unusual and are not favored. Motion for judgment on opening statement should be denied, unless facts admitted therein for the purpose of removal from controversy show that party making such statement is not entitled to recover. Simmons v. Harris, 108 Okla. 189, 235 P. 508.

The opening statement must be considered in connection with the pleadings. Where, under the pleadings and the opening statement of counsel, there remains no issue of fact, it is proper for the court to discharge the jury and render judgment in accordance with the applicable law. Blanken-

burg v. Norval & Dial, 135 Okla. 131, 275 P. 1040.

We, therefore, consider the admissions made by counsel for defendants in connection with the pleadings and the applicable law. In this connection we must consider the law of the case as contained in the decision in the former appeal.

The action is one in ejectment. The pleadings show a complete chain of title in plaintiffs and J. E. Whitehead. The answer and amended answer of defendants, besides a general denial, set up three defenses: (1) That the deeds relied upon by plaintiffs were champertous. (2) A tax deed to defendants. (3) Statute of limitations, or a possible title by prescription. Two of the defenses were definitely passed upon in the opinion in the former appeal, which became the law of the case.

The first paragraph of the syllabus is:

"The tax deed relied upon by defendants is held void."

The second paragraph is:

"The deeds relied on by the plaintiffs are held to be valid, and not affected by the champerty statutes."

In the body of the opinion it is said:

"A chain of title from the sovereign was established in plaintiff. * * *"

The opinion discusses the question of the validity of the tax deed relied upon by defendants, and sets forth the reasons why it was insufficient to convey title.

It likewise discusses the deeds relied upon by plaintiffs, and sets forth the reasons why they are not affected by the champerty statutes.

Therefore the chain of title of plaintiffs, the validity of their deed as affected by the champerty statutes, and the invalidity of the tax deed relied upon by defendants are all established as the law of this case.

The amended answer of defendants, filed after the cause was remanded, again charged that the deeds of plaintiffs were champertous and pleaded the same tax deed and with reference to the possession and right of possession of defendants alleged:

"That the defendants state that on the 27th day of October, 1915, E. C. Flatt and W. T. Flatt purchased from the county treasurer of Pontotoc county, state of Oklahoma, all of its interest in and to said land described in said petition and cross-petition; and went immediately into possession of same and held the same openly and adversely against all persons, that they paid all the taxes on said land for all the years up to the filing of the original petition herein. During all the years intervening, none of the petitioners nor the cross-petitioner made any demand or claim to the said land. * * *

"The defendants further answering state that they have held said real estate openly and adversely for more than thirteen (13) years under the certificate of purchase from the county treasurer of Pontotoc county and have paid all taxes on said land before the filing of the first petition in this case."

In the opening statement defendants' counsel states:

"* * * And about that time, in 1914, the defendant bought a tax certificate from the county treasurer and paid all of the taxes from statehood until 1914, and that they took possession of the land in 1915, and claimed it under this tax title. * * *

"We didn't plead the 15-year statute of limitations because we were not in possession of the land for that length of time; we had only been in possession for 13 years, but lacked the two years of having occupied the land for the 15 years. We deny that they have any title to this land and we say they don't even own it now. I think we will be able to satisfy you on that matter."

Both in the pleading and opening statement defendants solemnly admitted that they had not been in possession for the 15 years necessary to obtain title by prescription, had their possession been adverse to the true owner. They solemnly admitted that they went into possession and held possession under the tax sale certificate down to the time this action was commenced.

Under the law and a number of decisions of this court, such possession as they held under their own admission was not adverse to the true owners.

In Honeyman v. Andrew, 124 Okla. 18, 253 P. 489, it is held:

"Possession under a tax sale certificate is, during the period of redemption, an admission that the possession is subject to the owner's right of redemption, and is not adverse to the true owner."

See also, Whitney v. Posey, 180 Okla. 373, 69 P. (2d) 335.

Under the law of the case and the admissions of defendants, there was no question of fact for the jury, and the motion for judgment for the plaintiffs was properly sustained.

Judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. DAVISON, J., not participating.