## WEBB et al. v. BROWN et al.

### No. 31642.  March 20, 1945.

*156 P. 2d 1016.*

Ted Foster, Arthur H. Dolman and Roger L. Stephens, all of Oklahoma City, for plaintiffs in error.

Bruce & Rowan, of Oklahoma City, for defendants in error.

BAYLESS, J. Willie Webb et al., describing themselves respectively as trustees and officers of the Antioch Baptist Church, an unincorporated religious association, filed action against Vada Brown, Pearl Gentry, and Henry Langston, describing them as the former holders of various offices in said church, in the nature of mandamus for the purpose of recovering books, records, money, and other personal property of said church in the possesion of said former officers; and appeal from a judgment adverse to them.

The appeal is by transcript which contains the petition, the alternative writ of mandamus, the return to the alternative writ, and the judgment. In the petition the status of the church is alleged, and the status of the defendants as officers of said church prior to May 10, 1943, is stated. It is then alleged that Helen B. Smith and Curtis Collier were elected respectively to the offices formerly held by the defendants on the 10th day of May, 1943, at "an election of officers of and for said Antioch Baptist Church . . . held on the church premises in conformity with the rules and laws of said church"; and that the former officers have refused to deliver the property upon demand. The return to the alternative writ denies generally all of the allegations of the petition and denies specifically the allegations outlined above and contains allegations which are in the nature of a general and specific demurrer. The journal entry of judgment, after reciting the joinder of issues, the appearances of parties for trial, and the filing of briefs in support of their respective positions, "finds that said return of the defendants should be sustained as a demurrer to the petition of the plaintiffs and the alternative writ of mandamus." Judgment was then entered sustaining said demurrer to the petition and the writ.

The plaintiffs assert in their brief that since the return was treated as a demurrer to their petition, and since the demurrer to their petition was sustained, this was erroneous because the effect of a demurrer is to admit the truth of all of the allegations of their petition. The rule is that the allegations of a petition must be treated as true for the purpose of passing on a demurrer, McKee v. McKee, 172 Okla. 35, 43 P. 2d 1041, and other cases. They urge that the allegations of their petition are sufficient to state a cause of action.

We agree that their petition does

state a cause of action. Religious associations and societies, whether formally incorporated or not, are authorized by statute in Oklahoma, 18 O.S. 1941 § 541 et seq. Unincorporated bodies are especially provided for by section 562, and the provisions of that section, as supplemented by section 561, prescribe the legal status and the manner in which they may adopt by-laws and regulations for their government, including the election of officers. By 12 O.S. 1941 § 1451, an "inferior tribunal, corporation, board, or person" is subjected to control by mandamus, especially with respect to any duty imposed by law arising out of any "office, trust, or station" therein. We think an unincorporated religious society and its officers fall within this section. Clearly, one of the duties imposed by law upon an officer of such a body is to deliver to his duly elected successors the property appertaining to the office that he holds that has come into his possession or control by virtue of his holding the office.

The effect of the demurrer in this instance is to admit (1) that this church is an unincorporated religious society, (2) that the defendants were its officers up to May 10, 1943, (3) that they came into possession of certain property of the church that can be described as official belongings appertaining to the office they held, (4) that on May 10, 1943,, the plaintiffs, described as their successors in office, were elected at "an election of officers of and for said . . . church . . . held on the church premises in conformity with the rules and laws of said church," and (5) that the defendants refuse to deliver to such officers so elected the official belongings appertaining to the offices they formerly held. It was erroneous to sustain a demurrer to the petition in this case. Under Elliott v. Kirkpatrick, 150 Okla. 275, 1 P. 2d 3,70, a successor in office who shows clear title to the office may maintain mandamus to compel his predecessor to deliver to him the official belongings appertaining to that office. That rule is applicable in a case where, as here, the plaintiff alleges his election to that office and his predecessor admits, by demurrer, such election. That is equivalent to showing clear title to the office.

In the brief filed by the defendants no argument is made upon this point, but they urge an entirely different proposition to wit: that at the trial of the action on the date mentioned in the journal entry of judgment, the plaintiffs declined to introduce evidence and insisted upon the trial court determining both the issues of fact and law from the pleadings then before the court, and that upon the plaintiffs taking this position the trial court, to dispose of the issue thereby raised, treated the writ as a demurrer and sustained it. It is sufficient answer to this to say that the record does not support this contention. The record does not disclose that the trial court treated the return to the alternative writ as a demurrer upon any basis other than the grounds stated therein. In the consideration and the disposal of the issues presented to us, we are confined to what is contained in the record and cannot accept unsupported statements in the briefs of the parties representing what the trial court did, as being before us as the basis for our decision.

The defendants' argument that mandamus will not lie in this case because it amounts to an effort to try title to office, while true as a general rule, is not available here because the plaintiffs' allegations on their face, admitted to be true by the defendants, show a clear right or title to the office, and the only issue before us is the right the successor officers have to demand of and obtain from their predecessors the property sought in this case.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

GIBSON, C.J., HURST; V.C.J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.