Margaret MUNCRIEF, Petitioner,

v.

**MEMORIAL HOSPITAL OF SOUTHERN OKLAHOMA and St. Paul Fire and Marine Insurance Company, Respondents.**

No. 65306.

Supreme Court of Oklahoma.

July 5, 1988.

Rehearing Denied Feb. 3, 1989.

Albert M. Morrison, Oklahoma City, and Richard Bell, Norman, for petitioner.

John A. McCaleb, Fenton, Fenton, Smith Reneau & Moon, Oklahoma City, for respondents.

OPALA, Justice.

The dispositive issue on certiorari is whether the Workers' Compensation Court's three-judge review panel correctly proceeded on remand of the claim by the Court of Appeals' when it reexamined the record and sustained the trial judge's decision denying benefits to the claimant. We answer in the affirmative.

Margaret Muncrief [claimant] sought benefits under the Workers' Compensation Act[1] [Act] after she allegedly contracted an occupational disease. The trial judge denied her benefits. He found that she neither sustained an accidental injury nor contracted a disease that was compensable under the Act. On appeal, a three-judge review panel composed of Judges Charles L. Cashion (dissenting), Bill V. Cross and G. Dan Rambo, vacated the order of denial and awarded compensation. Memorial Hospital of Southern Oklahoma and St. Paul Fire and Marine Insurance Company [collectively, respondents] sought corrective relief from that decision. The Court of Appeals sustained the award. After granting the respondents' petition for certiorari we vacated the Court of Appeals' opinion and returned the cause for that court's reexamination under the standards of *Parks v. Norman Municipal Hospital.*[2] On our remand, the Court of Appeals vacated the award by an unpublished opinion, holding that the panel's decision favoring the claimant was facially defective because it lacked an *express statement* that the trial judge's findings were "against the clear weight of the evidence."[3] The Court of Appeals then directed the Workers' Compensation Court's review panel to proceed in a manner not inconsistent with its opinion.

On remand to the Workers' Compensation Court, the review panel was composed of Judges Charles L. Cashion, Bill V. Cross and Patricia Redd Demps. Judge Demps was substituted for G. Dan Rambo who had left the bench. The panel (with Judge Cross dissenting) adopted the trial judge's decision after expressly finding that his denial of benefits was neither contrary to law nor against the clear weight of the evidence. The claimant then brought the instant proceeding for review.

The cause was initially assigned to the Court of Appeals which again vacated the panel's decision and reinstated the award made by the first panel in the earlier proceeding for review. On respondents' petition, we now grant certiorari.[4]

1. 85 O.S.1981 §§ 1 et seq.

2. Okl., 684 P.2d 548 [1984]. Our commitment to the standards of *Parks* was recently reaffirmed in *Perlinger v. J.C. Rogers Construction Company,* Okl., 753 P.2d 905, 907 [1988].

3. When an order of a Workers' Compensation Court review panel, which vacates a trial judge's decision, contains no determination that his findings are "against the clear weight of the evidence or contrary to law," the order is facially defective and must be regarded as unautho-

rized. *Parks v. Norman Municipal Hospital, supra* note 2 at 552.

4. Mistaken in its belief that on remand the claim was reached for retrial by the panel, the Court of Appeals ordered the award to be reinstated and directed the panel to insert in its order the statement that the trial judge's findings were "against the clear weight of the evidence." Although the panel did conduct a hearing, its apparent purpose was to hear arguments of counsel to decide that which the mandate required.

Claimant contends that in the earlier proceeding for review the Court of Appeals confined the panel's post-remand mission to determining *which* standard of review it applied when it vacated the trial judge's findings and awarded her benefits. In essence, she argues the appellate mandate barred the panel's reexamination of the fact issues on the record that was made before the trial judge.[5]

Absent a clear and explicit mandate, the Workers' Compensation Court may look to the appellate court's opinion to ascertain what post-remand proceedings are required.[6] The case was earlier sent back because the first panel's order failed to indicate the standard of review applied in vacating the trial judge's decision. The Court of Appeals' mandate *implicitly* called on the panel to review the record in accordance with the *Parks* standards and *expressly* determine whether the trial judge's findings were "against the clear weight" of the evidence. We conclude the panel's authority on remand clearly extended beyond carrying out a simple scrivener's duty of curing a facially defective order by mechanically changing its form and included a reexamination of the record.

Claimant argues we must presume the award made by the first panel complied with 85 O.S.1981 § 3.6,[7] even though the order was devoid of the requisite memorial. This argument invokes the antithesis of our teaching in *Parks*. There, we held that the panel-applied standard of review in vacating a trial judge's decision is *never* presumed from a silent record. Without an express identification of the reviewing technique used, the decision is *facially defective*.[8]

In her reply brief claimant urges that we consider Judge G. Dan Rambo's affidavit filed by her in this court. In it the former judge advises that both he and Judge Bill V. Cross applied the statutory clear-weight-of-the-evidence measure when they sat on the first panel and vacated the trial judge's findings adverse to the claimant.

Materials not included in the record by the certificate of the clerk of the Workers' Compensation Court cannot be considered by a reviewing court. Items *dehors* the record must be disregarded.[9] A deficient record cannot be altered by an affidavit filed in an appellate court.[10]

Even if Judge Rambo's affidavit were a part of the record, it could not affect today's holding. The question here is *not* what standard of review did the first panel apply, but rather *whether the second panel exceeded its authority under the Court of Appeals' mandate* when it sustained the trial judge's order denying benefits.[11]

---

5. The claimant does not argue that the Workers' Compensation Court's order lacks evidentiary support. The issue whether the denial of compensation is supported by any competent evidence is hence not tendered for our review in this case.

6. *Harper v. Aetna Building & Loan Ass'n,* 88 Okl. 128, 211 P. 1031, 1033–1034 [1923]; *Oklahoma City Land & Development Co. v. Hare,* 66 Okl. 190, 168 P. 407, 409 [1917]; see also, *Coxsey v. Taylor,* 201 Okl. 447, 209 P.2d 506, 507–508 [1948]; *Flatt v. Wiggs,* 181 Okl. 26, 72 P.2d 815 [1937] (syllabus 1) and *Welch v. Welch,* 177 Okl. 330, 58 P.2d 896, 897 [1936] (syllabus 1).

7. The pertinent terms of 85 O.S.Supp.1986 § 3.6 are:

"... Such Court en banc shall consist of three (3) judges of the Court, none of whom shall have presided over any of the previous hearings on the claim. *The Court en banc may reverse or modify the decision only if it determines that such decision was against the clear*

*weight of the evidence or contrary to law....*" [Emphasis added.]

8. *Parks v. Norman Municipal Hospital, supra* note 2 at 552.

9. *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723–724 [1986] and *Great American Reserve Ins. Co. of Dallas v. Strain,* Okl., 377 P.2d 583, 590 [1963].

10. See *Midwest Scale Company v. England,* Okl., 411 P.2d 531, 532 [1966]; *Webb v. Brown,* 195 Okl. 256, 156 P.2d 1016, 1017 [1945]; *Indian Territory Illuminating Oil Co. v. Ray,* 153 Okl. 163, 5 P.2d 383, 388 [1932]; and *Oklahoma Co., Inc. v. State Industrial Commission,* 148 Okl. 215, 298 P. 296, 297 [1931].

11. The claimant does not contend, and we have not found, that the Workers' Compensation Court violated any constitutional or statutory rights or abused its discretion for failure to assign a panel whose judicial composition is

Claimant also argues the first panel need not have expressly stated the standard it applied because the law in existence at that time did not so require. In essence, she contends that the second three-judge panel wrongly disturbed the award made by the first review panel. That contention is barred by the settled-law-of-the-case doctrine.[12] When this court directed a reexamination by the Court of Appeals, it held that the first panel's order was insufficient for lack of the statement required by *Parks*. The issue whether *Parks* applied was decided at that time, and its applicability became the settled law of the case when this court's order became final.[13]

When an appellate court remands a case to the trial tribunal's panel for further proceedings without tightly structured directions, the case stands there as though it had never been previously reviewed.[14] We hold that the Workers' Compensation Court's review panel did not exceed the authority conferred upon it by the Court of Appeals' mandate when it reexamined the record, explicitly applied the *Parks* standards and denied compensation. ·

ORDER OF THE COURT OF APPEALS VACATED; TRIAL TRIBUNAL'S DENIAL OF COMPENSATION SUSTAINED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS and SUMMERS, JJ., concur.

KAUGER, J., concurs in part and dissents in part.

HODGES and ALMA WILSON, JJ., dissent.

ALMA WILSON, Justice, dissenting:

The Court of Appeals, in remanding this case to the Workers' Compensation Court, on May 21, 1985, stated that the final Order of the Workers' Compensation Court was *facially* defective. The Workers' Compensation Court had failed to cite in its Order the statutory language that the trial judge's finding was "against the clear weight of the evidence."

Rather than simply correcting the facial defect in form by issuing an Order *nunc pro tunc* advising the appellate court of the basis upon which the trial judge's order had been vacated, the Workers' Compensation Court, in substance, *re-tried* the case. It did not correct the prior Order in conformity with the intent of the Court of Appeals' instructions, but instead promulgated an entirely new Order. Such went far beyond the mandate of the appellate court; and the re-trial of the case constituted an unauthorized act on the part of the Workers' Compensation Court.

The defect which required correction on remand was neither jurisdictional, nor cognizable as an substantive error of law, but purely facial in character. Irregularity in the *form* of the Order is properly *amendable*. It did not make the Order void, subject to vacation and re-trial on remand. No ground existed for vacating the amendable Order, nor for granting a new trial. The effect of the majority view tortures the concept of finality of judgment.

---

identical to that which earlier handled the claim. Not every member of the first panel was available at the time the claim was remanded. See *Bell v. J. H. Rose Trucking Company*, Okl., 452 P.2d 141, 143 [1969].

**12.** The settled-law-of-the-case doctrine operates to bar relitigation of issues that have been settled by an earlier appellate opinion in the case. *Mobbs v. City of Lehigh*, Okl., 655 P.2d 547, 549 [1982]; *Seymour v. Swart*, Okl., 695 P.2d 509, 512–513 [1985]; *Mullins v. Ward*, Okl., 712 P.2d 55, 61 [1985]; and *Timmons v. Royal Globe Ins. Co.*, Okl., 713 P.2d 589, 592 [1985].

**13.** No rehearing was directed by the claimant to this court's order of remand on earlier certiorari proceeding.

**14.** See *Seymour v. Swart, supra* note 12; *Bell v. J.H. Rose Trucking Company, supra* note 11; *Adams v. City of Anadarko*, 202 Okl. 72, 210 P.2d 151, 152 [1949]; cf. *Secrest v. Secrest*, 168 Okl. 576, 36 P.2d 57, 58–59 [1934] and *Gourley v. Jackson*, 142 Okl. 74, 285 P. 84, 86 [1930].