## SHERRILL, Adm'x, et al. v. SOVEREIGN CAMP W. O. W.

No. 28385.   Oct. 25, 1938.

Rehearing Denied Jan. 17, 1939.

R. E. Bowling, for plaintiffs in error.

J. B. Moore, for defendant in error.

RILEY, J. This is the second time this case has been before this court. The opinion in the former case, Sovereign Camp of the Woodmen of the World v. Lula J. Smith, 176 Okla. 545, 56 P.2d 408, contains a statement of the facts.

The issues on the former appeal were stated in the brief of the defendant association as follows:

"1. The plaintiff, not having furnished evidence from an eyewitness to the accidental shooting which was alleged to have caused the death of the insured, cannot recover.

"2. The beneficiary, having accepted the check which was tendered and accepted in full payment of all benefits due or arising under the certificate and in full payment of all demands against the plaintiff in error is estopped to deny full payment and satisfaction."

After holding the eyewitness clause valid

and construing the same, the court held that "* * * there was no evidence sustaining plaintiff's theory of the case, that is, there were witnesses whose evidence preponderates in favor of an accidental shooting. * * * In view of our conclusion we deem it unnecessary to pass on the question of whether or not the plaintiff was estopped from asserting her claim to the double indemnity provided for in the certificate. * * *"

After the mandate was received, the defendant filed a motion to spread the mandate of record; that the court render judgment for defendant or dismiss the cause with prejudice for the reason that the opinion of the Supreme Court shows, "* * * there is no evidence supporting the petition and no possibility of the plaintiff producing any evidence which entitles her to a judgment. * * *"

The court sustained defendant's motion and rendered judgment for the defendant, from which plaintiff appeals.

In the former appeal the court ended its opinion by saying, "For the reasons given, the cause should be reversed, and it is so ordered."

The mandate issued in the case contained this paragraph:

"Now, therefore, you are hereby commanded to cause such **reversal** to show of record in your court and to issue such process and take such other and further action as may be in accord with right and justice and said opinion."

Plaintiff argues in her brief that "* * * the trial court took an erroneous view of the situation and followed the opinion instead of the mandate of the court, and therefore followed the wrong theory of law."

This court has held that a mandate is but the formal advice and order of the Supreme Court to the trial court (Schneider v. Decker, 144 Okla. 213, 291 P. 80); and that the mandate is the official mode of communicating the judgment of the appellate court to the lower court (Egbert v. St. L. & S. F. Ry. Co., 50 Okla. 623, 151 P. 228).

Actually the mandate is prepared in a printed form and the clerk inserts in the proper blank spaces the information peculiar to the particular case under review. In the paragraph above quoted from the mandate in the instant case "reversal" is the only word inserted by the clerk, the remainder of the paragraph being printed and used in all similar cases. In other words, this court does not prepare a separate mandate in each case. In view of the above

facts and the cases above cited, we are unable to agree with plaintiff's contention that the court should have followed the mandate instead of the opinion. The opinion is controlling.

We now consider whether the lower court followed the opinion. It will be recalled the case was simply "reversed" for the reason there was no evidence sustaining plaintiff's theory.

The general rule is stated in 2 R. C. L. 282, sec. 237, as follows:

"It seems to be the general rule that an appellate court has the power to render final judgment on the reversal of a judgment for the plaintiff on the ground of insufficiency of the evidence to support it, and that the court will exercise this power if the evidence is manifestly insufficient and it does not appear that any new evidence can be procured on a retrial of the cause. But, if the court is of the opinion that other evidence may be produced on a new trial or is unable to say that such evidence may not be produced, it will not render final judgment, but will remand the case for a new trial. And it has been held that, before an appellate court can render final judgment on the reversal of a judgment for insufficiency of the evidence, it is not enough that it appears improbable that the appellee will be able to recover on a new trial, but it must appear that he cannot."

The case of Great Northern Life Ins. Co. v. Farmers Union Co-op. G. Co., 181 Okla. 370, 73 P.2d 1155, followed the above general rule in the following language:

"Ordinarily, an error of law occurring at the trial, such as the admission of harmful incompetent evidence, giving of harmful erroneous instructions, and other harmful errors in general, call for the granting of a new trial. Similarly, where there is a mere insufficiency of evidence to sustain the verdict in a law action, as in the case just quoted, a new trial should be granted. But where the undisputed evidence precludes recovery, and it does not appear that it can be refuted on another trial, and there is a fair certainty that such evidence presents the true situation, there is no good reason for ordering a new trial."

It will be recalled that in the former opinion the court said, "There is no evidence in the record as to the nature or location of his wound excepting a certified copy of the verdict of the coroner's jury. * * *" This court has no way of knowing whether or not that evidence will be available on a new trial, or if available, whether or not it will be helpful to plaintiff. We have again considered the record on the former appeal and are of the opinion that

this case comes within the rule laid down by the Great Northern Life Ins. Co. v. Farmers Union Co-op. Case, supra, and a new trial should have been granted by the trial court.

Judgment of the trial court is hereby reversed and remanded, with directions to grant a new trial.

OSBORN, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.