RANDOLPH v. JOHNSON, Dist. Judge.

No. 29740. Sept. 24, 1940.

Rehearing Denied Dec. 10, 1940.

*108 P. 2d 169.*

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for petitioner.

Carey Caldwell and L. L. Roberts, both of Vinita, for respondent.

GIBSON, J. This is an original action in mandamus to compel the trial court to enter judgment for petitioner in al-

leged compliance with the mandate in Randolph v. Schuth, 185 Okla. 204, 90 P. 2d 880.

Randolph v. Schuth was an action for wrongful death resulting from an automobile accident. Defendant, the petitioner herein, was the owner of the car. It was being driven by another party at the time of the accident. Plaintiff sought to charge defendant with the negligence of the driver on the theory of respondeat superior. The question was fully tried before the jury and a verdict was returned for plaintiff. On appeal, supra, we held that the evidence wholly failed to establish the relationship of principal and agent as between defendant and the driver and reversed the judgment and remanded the cause "for further proceedings not inconsistent with the views herein expressed."

When the mandate reached the lower court, the defendant moved for judgment. The motion was denied and it now becomes apparent that the trial court will permit amended pleadings on the part of plaintiff and proceed with a new trial of the cause.

Petitioner says that the decision of this court on the appeal was a final adjudication of plaintiff's claim, that the trial court was without power to deny the motion aforesaid, and that there is no adequate remedy by appeal from the order.

This is a suitable case for the assumption of original jurisdiction by this court. Petitioner is without other adequate remedy. St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 P. 38.

It is to be presumed that the plaintiff, Schuth, prosecuted his cause to the extent of his ability, and ordinarily a plaintiff in his position is under duty to put in issue every claim at his command when his case is tried. His failure in this respect cannot be remedied by amendment of pleadings and repeated trials after appeal to and decision by this court. Hardy Case, supra.

Our findings and conclusions on the appeal covered the entire cause, which was fully tried below, and nothing was left open for further consideration by the trial court on receipt of the mandate. Its duty was to enter judgment in conformity with the opinion.

This and the Hardy Case, above, are almost identical in facts and circumstances with reference to the law involved. There the rule is stated as follows:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and such court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts have been adversely determined by the opinion of this court."

In cases where the issues are fully tried, and the judgment is reversed on appeal for error in not directing verdict for defendant, and without specific directions, we are committed to the rule that mandamus will lie to compel the entry of judgment for defendant in conformity with the opinion and decision of this court. Our opinion on appeal in the case under consideration was that the trial court erred in not directing a verdict for defendant. There was nothing for the trial court to do after receipt of mandate except to enter judgment for defendant.

It appears that the plaintiff has filed affidavits asserting newly discovered evidence, thus attempting to obtain a new trial on that ground. But this would inject a question not properly to be considered in this proceeding. Whether plaintiff has complied with the statute in this regard with reference to the time and manner of procedure is a question the trial court must consider and determine

before our jurisdiction may attach. We will not consider the question of the sufficiency of his affidavits and petition in this proceeding.

It is ordered that the writ issue.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, and DAVISON, JJ., concur. HURST, J., dissents. DANNER, J., absent.