BELL LOAN CO. et al. v. TAYLOR.

No. 30430. Dec. 14, 1943.

*143 P. 2d 820.*

Irvine E. Ungerman and Arthur S. Goldberg, both of Tulsa, for plaintiff in error W. G. Coxsey.

Ad V. Coppedge, of Grove, and J. B. Coppedge, R. R. Linker, and F. E. Riddle, all of Tulsa, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, plaintiff below, against the plaintiffs in error, Bell Loan Company and W. G. Coxsey, based upon payment of alleged usurious interest. The action was originally commenced by defendant in error, hereinafter referred to as plaintiff, against the Bell Loan Company, W. G. Coxsey, and Paul Woodruff. The action was dismissed as to Paul Woodruff.

In the amended petition plaintiff alleged that at various times and between July 10, 1936, and May 5, 1939, she had

borrowed various sums of money, signed promissory notes to the defendant Bell Loan Company, upon which she paid a total of $2,653.75; that $725 was paid as usurious interest.

This action was commenced December 22, 1939. Plaintiff alleged that defendant W. G. Coxsey was engaged in business in the city of Tulsa under the firm name of Bell Loan Company; that the Bell Loan Company and W. G. Coxsey were the same in interest. The Bell Loan Company filed a separate answer of general denial, and alleged that plaintiff's cause of action as set forth in the amended petition was barred by the. statute of limitations.

W. G. Coxsey answered and denied generally, and specifically denied that during all of the times mentioned in plaintiff's amended petition he was the owner of, or had any financial interest in or charge of, the defendant Bell Loan Company. He also pleaded the statute of limitations.

In her amended petition plaintiff admitted that she was then indebted to the Bell Loan Company and W. G. Coxsey in the sum of $200. She prayed for judgment double the amount of the usurious interest alleged to have been charged against, and paid by, her— $750 less $200.

The cause was tried to the court without a jury, resulting in a judgment in favor. of plaintiff in the sum of $658 and against the Bell Loan Company and W. G. Coxsey.

Defendants appeal under a joint petition in error.

The fourth proposition concerns only the judgment rendered as against W. G. Coxsey. The defendant's answer was verified. He denied all connection with the Bell Loan Company. Examination of the entire record fails to disclose any evidence, direct or circumstantial, tending to disprove the verified answer of the defendant W. G. Coxsey. The evidence is likewise silent as to agency on the part of those conducting the affairs of the Bell Loan Company. It follows that the judgment as against defendant W. G. Coxsey cannot be sustained.

By the first proposition presented in defendant's brief, it is contended that the claim of plaintiff was barred, at least in part, by the statute of limitations. The record discloses that plaintiff's transaction with the defendant Bell Loan Company commenced some time in 1936. Since the action was not commenced until December 22, 1939, any and all loans and transactions that, as separate transactions, were completed prior to December 22, 1937, are barred by the statute of limitations. One item of $22, paid July 2, 1936; one item of $80, paid October 1, 1936; and one item of $3.50, paid June 1, 1937, are clearly barred by the statute of limitations. As to another item of $55, claimed to have been paid on November 1, 1937, there is doubt. A part of that transaction may have been carried over into 1938. However, there is no merit in the contention that plaintiff's entire cause of action was barred by the statute of limitations.

The next proposition is that the trial court erred in permitting a witness for plaintiff to testify from notes prepared for trial purposes and not made or recorded at the time of the various transactions. The witness was permitted to refresh her memory from notes taken by her from the various receipts and other statements or parts of statements delivered by defendant Bell Loan Company to the plaintiff. For the most part, witness was permitted to refresh her recollection from these various instruments themselves and not from the notes she had prepared.

In Thompson v. Coker, 112 Okla. 268, 241 P. 486, it is said:

"In cases tried to the court, where complaint is made that incompetent evidence was admitted, unless it is shown and clearly pointed out wherein such incompetent evidence was clearly considered and used by the court in arriving at its judgment, no reversible error is presented, unless it can be said, upon the whole case, that there was not competent evidence in the record reas-

onably tending to support the judgment based thereon."

A number of cases were cited in support of this statement.

We are of the opinion that even though the witness was permitted to refresh her memory in part from statements so prepared, which, as she testified, were correctly prepared from the instruments in evidence, we cannot hold that there was error such as to require a reversal of the judgment. The trial court in its findings made the statement that:

"The court has only entered judgment here for this amount of interest charged during the period in question, which the court finds was supported by dates."

The next proposition is that the evidence is not of sufficient certainty to sustain the judgment of $658, or in any amount.

Defendant admits in its brief that there is sufficient testimony to sustain a finding of the payment of $110.50 usurious interest. The record discloses that in many instances where plaintiff had paid off notes executed, the defendant company would tear off a portion of the note containing plaintiff's signature and deliver it to her. Six of these parts of notes, coming directly from the defendant and delivered to plaintiff upon the payment of the note, show conclusively that usurious interest was charged on these six notes. Plaintiff's Exhibit 3 shows on the part of the note returned to plaintiff execution as of May 3, 1938, for $42, to run 30 days, and an interest charge of $8. Another exhibit shows a 30-day loan of $40 paid November 5, 1938, with an interest charge of $7. Another exhibit shows a 30-day note for $75 paid March 5, 1939, with interest charge of $12. Another exhibit shows a 30-day loan for $68 with an interest charge of $11. Another exhibit shows a 30-day loan of $5 with an interest charge of $1. Another exhibit shows an 8-month loan of $140 with an interest charge of $60. From these six items alone there is conclusive evidence of a charge and payment of $99 usurious interest. Defendant admits there is sufficient evidence to show a charge of $11.50 usurious interest on other items. In addition, the defendant admits that there is evidence tending to show the payment of $311.50 additional usurious interest on the various transactions from June 1, 1937. Of this sum, however, one item of $3.50 is included in the items shown to be barred by the statute of limitations. As to one item of $55, there is doubt whether it is barred by the statute of limitations. There is evidence reasonably tending to prove payment by plaintiff of at least $418.50 usurious interest not barred by the statute of limitations. Plaintiff was entitled to recover twice that amount less the $200 admittedly just and owing. Thus, by the admission of the defendant and other evidence, plaintiff was entitled to a judgment at least for $658. In this connection, the trial court used these words:

"I have relied on the plaintiff's testimony because it rang true, and in my opinion was supported by dates that were true and I feel if the facts can be definitely established by competent evidence that there would probably be more, a great deal more interest charged than the court has given the plaintiff in the judgment here rendered, possibly as much as the plaintiff claimed in her petition."

The defendant did not introduce any evidence. It stood on its demurrer to the evidence.

The judgment as to defendant W. G. Coxsey is reversed; as to defendant Bell Loan Company, affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.