## COXSEY v. TAYLOR.

No. 32200.   Sept. 21, 1948.

Rehearing Denied Nov. 30, 1948.

*209 P. 2d 506.*

Irvine E. Ungerman, of Tulsa, for plaintiff in error.

F. E. Riddle and Ad V. Coppedge, both of Tulsa, for defendant in error.

DAVISON, V.C.J.   This is the second appeal in this case. The action was one for a money judgment for the recovery of usurious interest and was brought by defendant in error, Julia E. Taylor, as plaintiff, against plaintiff in error, W. G. Coxsey, Bell Loan Company and another, as defendants. By consent of parties the cause was tried by the court without the aid of a jury, and resulted in a judgment for plaintiff against the defendants above named. On appeal therefrom this court affirmed the judgment against Bell Loan Company and reversed it as to W. G. Coxsey for insufficiency of the evidence to show that he was the owner of the Bell Loan Company. (Bell Loan Co. et al. v. Julia E. Taylor, 193 Okla. 358, 143 P. 2d 820.) After discussing the insufficiency of the evidence, the opinion stated, "The Judgment as to defendant W. G. Coxsey is reversed".

After the mandate went down, defendant W. G. Coxsey moved the trial court for judgment dismissing plaintiff's action. Said motion was denied. Coxsey then applied to this court to exercise its jurisdiction of an original action for a writ of mandamus commanding the judge of the trial court to render such judgment. This application was denied.

Trial was then had upon the same pleadings as before except defendant was permitted by amendment to his answer to plead the judgment on appeal as res judicata. Upon conclusion thereof, plaintiff was awarded judgment in the principal sum of $658 and the further sum of $125 as attorneys' fees, which amounts correspond to those of the judgment rendered upon first trial. This appeal is prosecuted by Coxsey from the judgment against him.

Coxsey first contends that the opinion of this court on the first appeal was a final judgment in his favor, and that the trial court erred in refusing to render such judgment for him upon re-

ceipt of the mandate. In support of this contention he cites and relies upon St. Louis & San Francisco R. R. Co. v. Hardy, 45 Okla. 423, 146 P. 38; Randolph v. Johnson, 188 Okla. 246, 108 P. 2d 169, and other cases holding that where the cause is reversed solely upon the ground of the insufficiency of the evidence the trial court is not authorized to grant a new trial.

The opinion on the first appeal did not specifically direct the trial court to take any further proceedings as to Coxsey. It reversed the judgment of the lower court as to him for the reason that there was, in the record, no evidence, direct or circumstantial, tending to prove that he was the owner of Bell Loan Company, as charged in plaintiff's amended petition, or that he had any financial interest therein or was in charge thereof. Thus it appears that the question of the ownership of Bell Loan Company by Coxsey was not disposed of or covered in our opinion, but we pointed out the entire lack of evidence on that issue. In such case, where the judgment is reversed without directions, the trial court should grant a new trial. Sherrill v. Sovereign Camp, W. O. W., 184 Okla. 204, 86 P. 2d 295; Great Northern Life Insurance Co. v. Farmers' Union Co-Operative Gin Co., 181 Okla. 370, 73 P. 2d 1155; 5 C.J.S. 1429, sec. 1925; 2 R.C.L. 282, sec. 237. Such holdings are in accord with the great weight of authority.

In the instant case the issue of whether or not Coxsey was the owner of, or connected with, Bell Loan Company so as to render him liable for its misdeeds, was not fully tried and determined. In fact, it was not tried at all, since, as stated in the original opinion, there was no evidence whatever introduced on that question. That question had not been fully tried in the court below and was not covered by the findings and conclusions of this court on appeal. Being thus left open, apparently by inadvertence, we reversed the case without directing the rendition of judgment, leaving to plaintiff the right to a trial upon that question.

We are of the opinion that the rule announced in Sherrill v. Sovereign Camp, W.O.W., supra, and other similar cases, applies, and that the trial court was correct in setting the case for further trial and hearing testimony upon the issues not disposed of in the former trial.

The present case is distinguishable from St. Louis & S.F. R.R. Co. v. Hardy and Randolph v. Johnson, supra. In those cases it was stated that the cause had been fully tried, while in the present case the cause was not fully tried in that no evidence was adduced to connect Coxsey with the Bell Loan Company. However, certain language was used in each of those opinions which is conflicting with the Sherrill case, supra.

The case of Randolph v. Johnson, supra, seems to be in conflict with several previous cases of this court, such as McIntosh, Adm'r, v. Lynch, 93 Okla. 174, 220 P. 367; Ball v. Rankin et al., 23 Okla. 801, 101 P. 1105; Secrest v. Secrest, 168 Okla. 576, 36 P. 2d 57; and Wood v. Reed, 193 Okla. 356, 144 P. 2d 108. None of the first three cases mentioned in this paragraph were mentioned in the Johnson case, supra, which was decided in 1940. Nor was the Johnson case referred to or mentioned in the case of Wood v. Reed, supra, which was decided in 1943. However, as none of the above cases are directly in point with the factual situation in the present case, we deem it unnecessary to further discuss those cases. However, we are of the opinion that certain language used in the cases of Randolph v. Johnson and St. Louis & S.F. R.R. Co. v. Hardy, supra, which is in conflict with the views expressed in this opinion, should be and is hereby overruled.

Defendant next contends that the judgment of the trial court is wholly unsupported by the evidence. The case was a law case tried to the court, the parties having waived a jury, and if there was any evidence, including reasonable inferences, tending to support

the findings of the trial court, the judgment will not be reversed for insufficiency of the evidence. Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

The defendant Coxsey testified that he was the sole owner of a loan company in Tulsa, in addition to one which he personally managed; that he "gave" the first mentioned company to his cousin in 1935, at which time it was reorganized as Bell Loan Company; that it was not a corporation; that when he "gave" the company to his cousin its assets were of the value of $4,876.75; that he advanced money to his cousin for the operation of Bell Loan Company, taking notes therefor and making no interest charge; that the understanding or agreement between him and his cousin was verbal, and was to the effect that when Bell Loan Company had fully repaid defendant for all advances made by him, defendant was to own a one-half interest in the company; that his cousin abandoned the business in the latter part of 1937, and went to Mississippi and that thereupon defendant took over the business and made the same kind of a deal with one Woodruff, an employee of Bell Loan Company; that Bell Loan Company went out of business in July, 1939; that it then owed him $8,250, and that he took over the assets and from them realized less than the indebtedness to him, the balance due him being $606.84, which has never been paid. He testified that neither his cousin nor Woodruff ever put any money in the business. Defendant's cousin testified that he came to Tulsa from Arkansas; that he was just out of college and broke; that he worked for defendant some 18 months before the Bell Loan Company was formed; that it wasn't doing so well and he just left and went away on June 1, 1937, and that when he left he turned the business back to defendant; that while he was managing Bell Loan Company he made reports to defendant quite often, but not regularly, going to defendant's office to make such reports.

We think this evidence amply sufficient to sustain the findings of the trial court that Coxsey was the owner of Bell Loan Company. Coxsey's testimony that he gave the business to his cousin, and later took it back and gave it to Woodruff, without giving either of them any evidence of title to it other than possession, and without taking any security of any kind from them except their personal notes, although both were financially irresponsible, is so improbable that the trial court was justified in believing that it was a mere subterfuge to conceal the real ownership of the business. The trial court rightly rejected the improbable version of the transaction testified to by Coxsey, and drew from the facts the reasonable inference of his ownership.

Plaintiff in her cross-petition complains that the trial court allowed interest on the judgment only from the date of rendition, whereas plaintiff claims that interest should have been allowed from the date of the judgment against Bell Loan Company, December 18, 1940. The judgment against Coxsey, while for the same amount as that against Bell Loan Company, was a new and different judgment. By statute judgments bear interest from the date of rendition. 15 O.S. 1941 §274. No authority is cited in support of the claim asserted by plaintiff. We think the allowance by the trial court was proper.

Plaintiff also asks that this court allow her attorneys additional fees or command the trial court to do so. The trial court allowed the same fees as were allowed in the judgment against Bell Loan Company affirmed by this court, which judgment apparently is uncollectible. In the trial court plaintiff introduced no evidence in support of her application for additional fees, but apparently left the matter up to the sound discretion of the trial court, who refused to allow any additional fees. In the absence of such proof we refuse to substitute our judgment for the judgment of the trial court.

450

Affirmed.

HURST, C.J., and RILEY, CORN, and LUTTRELL, JJ., concur. WELCH and ARNOLD, JJ., concur in result. BAYLESS and GIBSON, JJ., dissent.