MOYER et al. v. FOSTER.

No. 34082.   July 10, 1951.

*234 P. 2d 415.*

Billings & Billings, Woodward, and J. W. Burrow, Gage, for plaintiff in error Melvin Moyer.

Thomas & Grantz, Woodward, for plaintiff in error Glenn Hall.

Claude E. Love, Oklahoma City, and Emmett A. Klem, Shattuck, for defendant in error.

LUTTRELL, V. C. J. This is an action brought by John Foster against the defendants, Melvin Moyer, Glenn Hall, and Frank Miller, for damages for false arrest and false imprisonment. Foster was a bartender at a tavern operated by one Cordell in the city of Gage, and the action grows out of the closing of the tavern, and the arrest of Cordell and plaintiff, and the subsequent dismissal of the charge against them, involved in the case of Moyer v. Cordell, 204 Okla. 255, 228 P. 2d 645. The trial court overruled the motion of the defendants Moyer and Hall for a directed verdict and submitted the cause to a jury, which returned a verdict for plaintiff. The defendants Moyer and Hall appeal.

While numerous assignments of error are urged by the defendants, the decisive question presented is whether the trial court erred in refusing to direct a verdict in their favor, and in submitting the cause to the jury. Defendants contend that the evidence wholly failed to sustain the allegations of plaintiff's amended petition, and to show that they were the procuring cause of the closing of the tavern and the arrest of the plaintiff as alleged therein. They admit that at the request of Miller, who was the town marshal of the city of Gage, they were present on May 4, 1947, when plaintiff was arrested, but deny that they in any way instigated or procured the taking of any action by the city marshal either in closing the tavern or in arresting plaintiff.

The evidence in the instant case as to the part played by the defendant Moyer is very different to the evidence produced in the case of Moyer v. Cordell, supra. In the instant case, in regard to the closing of the tavern, the only testimony connecting Moyer with that incident is his statement, made when Cordell met him and Miller on the street the afternoon of the day the tavern was closed, that "We locked the place up." While Moyer testified that prior to taking this action the marshal called him on the telephone between 1 and 2 o'clock, he testified that he was not consulted with reference to the matter; that Miller asked him to come down but that he refused to do so; that later he went down town and found that Miller had closed the

place, suggested to Miller that he notify Cordell, who lived at Shattuck, and drove Miller over to Shattuck to notify Cordell that the place had been closed, but discovered that Cordell had already been notified and left for Gage, and that the conversation above referred to occurred after he and Miller had returned to Gage. He denied that he was consulted about the closing of the tavern or that he assisted in any manner in closing it or in influencing Miller to close it.

As to the arrest on May 4th, he testified that about 12:30 a messenger called him out of church and that he went to the place of business of Frank Miller, the marshal, where he met with the marshal and several other men; that the marshal advised him and the other men present that he desired their assistance in arresting Cordell, plaintiff, and another person, who were then in the tavern, and who, according to the marshal, had locked themselves in the tavern and were resisting arrest. The evidence showed that when the three men were arrested both Moyer and Hall, in response to the request or requirement of the city marshal for assistance, were present with other parties; that when Cordell started to put a padlock on the front door of the tavern, Moyer told him to take it off, and that when Cordell requested of Moyer that instead of being loaded in a pickup truck, owned by the defendant Hall and evidently commandeered by the marshal, they be taken to Arnett in Cordell's car, Moyer stated that "This is one time you will go the way we tell you to." It is also in evidence that Moyer stated at that time that "We are behind him (the marshal) one thousand per cent"; that Moyer admitted that the way the tavern was conducted had been the subject of general discussion between him and other citizens, including the marshal, and that the marshal occasionally consulted him in reference to his problems. So far as Hall is concerned, the testimony wholly fails to disclose that he had any knowledge of the closing of the tavern,

and that after the arrest he drove his pickup truck with the prisoners therein from Gage to Arnett, the county seat, at the direction of Miller. There is no evidence of any ill will on the part of either defendant against plaintiff or his employer, nor is there evidence of any motive which would cause them to instigate or procure either the closing of the tavern or the arrest of Cordell and his employees, such as was produced as to the defendant Moyer, in Moyer v. Cordell, supra.

Summarized, the evidence shows that the defendants, when called upon to assist the marshal, did so, and that the action taken by them was in response to the marshal's request or requirement for assistance. In such case they are not liable to plaintiff. 22 Am. Jur. p. 373, §32, and 35 C.J.S. p. 568, §43, and Firestone v. Rice (Mich.) 38 N. W. 885, 15 Am. St. Rep. 266. By statute, 22 O.S. 1941 §91, a public officer in the performance of his duties may call to his assistance other citizens if he thinks it proper to do so. By 21 O.S. 1941 §537, every person who, after having been lawfully commanded to aid an officer in arresting a person, neglects or refuses to aid the officer, is guilty of a misdemeanor. Plaintiff admits the force of these statutes, but says that such acts, to relieve defendants of liability, must be without malice and wantonness and must be in good faith, and argues that the evidence shows lack of good faith on the part of the defendants, and that they were active in instigating the town marshal in closing the tavern and arresting the occupants. We are unable to agree.

While the evidence outlined above shows that Moyer was occasionally consulted by the town marshal in reference to town matters, and while Moyer stated that the manner in which the tavern had been conducted had been the subject of discussion among some of the citizens, the testimony wholly fails to disclose any act or word on the part of either defendant which influenced, or could have influenced, the town marshal in any way in taking the action

against the tavern that he did. Also, as above pointed out, the evidence wholly fails to disclose any ill will on the part of defendants toward plaintiff or his employer, or any motive on their part which would cause them to instigate or procure the marshal to take the action he took. In order to sustain the verdict in this case, the jury must infer such a motive on the part of defendants, and from such inference draw the further inference that because of such motive they instigated or procured the action taken by the marshal, and the further inference that the marshal would not have taken such action except upon the procurement or instigation by the defendants. We have many times held that a jury may draw logical inferences from facts put in evidence, but we have repeatedly held that they may not base their verdict upon an inference drawn from another inference. Prest-O-Lite Co., Inc., v. Howery, 169 Okla. 408, 37 P. 2d 303; Turman Oil Co. v. Carman, 179 Okla. 388, 65 P. 2d 963. In the instant case, to sustain their verdict, this would be necessary.

The fact that the defendant Moyer made the above-quoted statements at the time of the arrest and after the closing of the tavern, and that he further stated that he and the others present at the time of the arrest were wholeheartedly behind the marshal, while it shows perhaps that he and the other citizens involved who were called upon to assist the marshal were doing so to the best of their ability, and were supporting him in the action he took, wholly fails to show that the action taken by him was due to their instigation or procurement. Being called upon to render assistance which they were required to do under the statute, it was their duty to render such support to any act done by him reasonably necessary to accomplish his purpose in arresting the parties in the tavern. The evidence was not sufficient to sustain the verdict.

Following the rule announced in Sherrill v. Sovereign Camp W.O.W., 184 Okla. 204, 86 P. 2d 295, and Great Northern Life Ins. Co. v. Farmers Union Co-Op Gin Co., 181 Okla. 370, 73 P. 2d 1155, the cause is reversed, with directions to grant defendant a new trial.

ARNOLD, C.J., and WELCH, GIBSON, DAVISON, HALLEY, and JOHNSON, JJ., concur.