STEKOLL et al. v. WILSON.

No. 34332.    Oct. 21, 1952.

Rehearing Denied Nov. 18, 1952.

*250 P. 2d 454.*

Phillips & Frerichs, Okemah, for plaintiffs in error.

Thad L. Klutts, Oklahoma City, for defendant in error.

HALLEY, V.C.J. The parties here have reversed their positions of plaintiff and defendants in the trial court, and will be referred to according to the positions they occupied there.

Plaintiff was the owner of a quarter section of land in Okfuskee county on which he pastured 21 head of cattle. Defendant Albert Stekoll was the owner of an oil and gas lease on this quarter section and was producing oil from a well on this land. The plaintiff claimed damage to the cattle that were grazing on this land, alleging that they were injured by virtue of drinking salt water that came from defendant's oil well and was permitted to escape from the ponds which were supposed to retain it and was seeping and flowing into a creek which ran across plaintiff's land. The defendants denied that the cattle were injured from drinking any of the water from defendant Stekoll's well, and maintained that any salt water which escaped was not in sufficient quantity to have injured the cattle in any way.

Defendants urge two propositions for reversal. The first is that the court permitted incompetent and irrelevant evidence to be admitted; and, second, that the trial court erred in overruling the defendant's demurrer to the evidence and motion for judgment. As to defendants' first proposition, plaintiff's Exhibits 1 and 2, two three-ounce bottles of water, were admitted; these bottles had labels on them showing their salt content. Plaintiff's Exhibit 3 was a letter from the Oklahoma State Health Department Bureau of Labora-tories to A. S. Booten, a veterinarian in Okemah, signed by H. E. Maxey, chemist, but unauthenticated in any way, which gave the chemical analysis of the contents of the two three-ounce bottles. In our opinion it was error for the trial court to admit these exhibits without testimony by the chemist, but we think that this error was harmless in view of the other evidence offered by the plaintiff, which in our opinion was sufficient to authorize the trial court to overrule a demurrer to the evidence. It was unquestioned that the well of the defendant Stekoll produced a little more than ten gallons of salt water every second. The plaintiff's evidence showed that this salt water seeped into the only stream of water on plaintiff's land from which the cattle could drink, and also that in times of high water large quantities of salt water flowed into this stream. There was also testimony by a veterinarian that the cattle of the plaintiff had sustained injuries and that the injuries were the result of drinking salt water, and other witnesses testified that the only salt water available came from the well of defendant Stekoll and that defendant Stekoll had not used proper methods to prevent the salt water from escaping.

A jury was waived in this case, and trial was had to the court. We have held in several cases that a judgment rendered in a case heard without the intervention of a jury will not be reversed on account of admission of incompetent evidence unless the record discloses that there was no competent evidence to affirm it or in some way shows affirmatively that the improper evidence affected the result. Bell Loan Co. v. Taylor, 193 Okla. 358, 143 P. 2d 820; Thompson v. Coker, 112 Okla. 268, 241 P. 486; Weitz v. Moulden, 109 Okla. 119, 234 P. 583.

As to defendants' second proposition, that their demurrer and motion for judgment should have been sustained, we are of the opinion that there was sufficient evidence with which to sub-

mit the case to the trier of the facts. Thompson v. Walsh, 203 Okla. 453, 223 P. 2d 357; Gulf Oil Corp. v. Miller, 198 Okla. 54, 175 P. 2d 335; Sun Oil Co. v. Hope, 197 Okla. 261, 169 P. 2d 753; Mid-Continent Petroleum Co. v. Poage, 188 Okla. 626, 112 P. 2d 166. There was a strong case made for the defendants, but the trier of the facts decided that the plaintiff should recover. Where a jury is waived, the findings of the court are entitled to the same weight and consideration that would be given to a verdict by a jury, and if there is any evidence, including any reasonable inferences, tending to support the findings, this court will not reverse for insufficient evidence. Coxsey v. Taylor, 201 Okla. 447, 209 P. 2d 506. We are of the opinion that the testimony of the plaintiff and the veterinarian was sufficient to overrule the demurrer and motion for judgment, and we will not say that the trial court's judgment on the question was erroneous.

For the foregoing reasons, the judgment of the trial court should be, and it is hereby, affirmed.

WELCH, CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

Rehearing Denied Nov. 18, 1952.