Richard GARVIN, Everett Garvin, also known as E. C. (Pete) Garvin, John B. Garvin, Madge Garvin Vandever, Lillian Estelle Bible, Lucretia May Richards, Herbert Garvin, Roy D. Garvin, Oma Pearl Garvin, Winston B. Garvin, and James Robert Garvin, Plaintiffs in Error,

v.

H. C. PETTIGREW, Defendant in Error.

No. 39522.

Supreme Court of Oklahoma.

June 12, 1962.

Rehearing Denied Sept. 11, 1962.

Lee Welch, Antlers, for plaintiffs in error.

Harry Hammerly, Chickasha, for defendant in error.

IRWIN, Justice.

This is a second appeal between the same parties in case No. 16128, District Court of Stephens County. Plaintiffs in error will hereinafter be referred to as defendants and H. C. Pettigrew, defendant in error, will be referred to as plaintiff.

Plaintiff brought an action against defendants to quiet title to certain lands in Stephens County and to determine the heirship of Mrs. Garvin; defendants claimed, as heirs of Mr. and Mrs. Garvin, to be the owners of the right to participate in oil and gas production from the land involved; judgment was for defendants to the extent that they were entitled to participate in Mrs. Garvin's estate; plaintiff's motion for new trial was sustained and defendants appealed. In Garvin v. Pettigrew (Okl.), 350 P.2d 970, the judgment of the trial court granting a new trial in favor of plaintiff was affirmed.

On April 14, 1960, the mandate was issued and the Judge of the District Court of Stephens County was "commanded to cause such affirmance of the judgment to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice in said opinion".

Subsequent to the issuance of the mandate, plaintiff filed his motion for final judgment in the District Court of Stephens County. The motion for final judgment was set for hearing and on hearing thereof the trial court entered judgment quieting title against defendants and perpetually barred and enjoined them from claiming or asserting any claim, title or interest adverse to the title of plaintiff. Defendants' motion for new trial was overruled and they have lodged this present appeal.

CONTENTIONS

Defendants contend that since the trial court vacated its judgment in their favor and granted a new trial, that they are entitled to a new, full and complete hearing on the issues involved and time in which to file an amended answer and cross petition

to allege new facts and to bring in new issues and to take the depositions of witnesses to be used at a second hearing; that the mandate issued on April 14, 1960 did not direct the entry of judgment in favor of the plaintiff and the sustaining of the motion for summary judgment and the entry of judgment in favor of the plaintiff constitutes a taking of defendants' rights and property without due process of law and contravenes their constitutional rights.

Plaintiff contends the opinion of this Court in Garvin v. Pettigrew, supra, constitutes, and is a full and complete disposition of the controversy between the parties on the merits and left the trial court with no alternative other than to enter judgment for the plaintiff.

## CONCLUSIONS

Although the trial court vacated its judgment originally entered in favor of defendants and granted plaintiff a new trial without, at that time, entering judgment in favor of plaintiff; and, although this Court on appeal, affirmed the judgment granting a new trial without directing the trial court to enter judgment for plaintiff; the opinion promulgated in the original appeal (Garvin v. Pettigrew, 350 P.2d 970) did determine the rights of the plaintiff and defendants.

In that case we said:

"Ordinarily, in reviewing the action of the trial court's order sustaining a motion for new trial, it is unnecessary for this court to determine the issues on the merits. But, in the instant case, only a pure question of law is involved. * * *

* * * * * *

"In effect, the trial court granted a new trial for the reason that the plaintiff, and not the defendants, was entitled to judgment. Thus, the order amounted to a general finding for plaintiff. * * * *"

As set forth in the original opinion, defendants' claim of ownership was as heirs of Mr. and Mrs. Garvin. In determining in that opinion whether the trial court erred in granting a new trial for the reason that the contract executed by Mr. and Mrs. Garvin under which defendants claimed ownership was entirely void and ineffective for any purpose to vest an interest in defendants, it was necessary for this court to determine the rights of the defendants under the terms of the contract. In holding that the trial court committed no error in vacating the judgment in defendants' favor and granting plaintiff a new trial in the original action, we said:

"* * * at the time of their deaths, the Garvins had no right to participate in any oil or gas production from plaintiff's lands and none could descend to their heirs, the defendants herein. * * *"

It is apparent that we determined that the defendants had no interest or right to participate in the oil and gas production under the land involved. If, as contended by defendants, defendants are entitled to present new facts and issues, and the issues would be resolved in favor of defendants, a judgment determining that defendants had an interest would be in direct conflict with our former opinion which held that they had no interest.

In Randolph v. Johnson, Judge, 188 Okl. 246, 108 P.2d 169, we held:

"In cases where the issues are fully tried in the lower court, and the judgment is reversed on appeal without specific directions, mandamus will lie to compel the entry of judgment in conformity with the opinion and decision of the Supreme Court."

"Where judgment is reversed on appeal for failure to sustain defendant's motion for directed verdict, it is the duty of the trial court on receipt of mandate, and in the absence of specific directions, to enter judgment for defendant."

See also St. Louis & S. F. Ry. Co. v. Hardy, 45 Okl. 423, 146 P. 38.

When the instant action was first tried in the trial court, all the issues were fully

presented. Defendants had their day in court. In determining whether the trial court erred in granting plaintiff a new trial, it was necessary for this court to determine the rights of all the parties. These rights were determined in our former opinion. Defendants have not been deprived of any alleged rights or property without due process of law. We therefore hold that the trial court did not err in sustaining plaintiff's motion for final judgment and entering judgment thereon as such judgment entered is in conformity with the rights of the litigants as determined by this court on appeal.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON and BERRY, JJ., concur.

JOHNSON, J., dissents.