**Jim E. HAYS, Petitioner,**

v.

**L. C. I., INC. and Kansas City Fire & Marine Insurance Company and Workers' Compensation Court of the State of Oklahoma, Respondents.**

No. 52960.

Supreme Court of Oklahoma.

Dec. 26, 1979.

Keller & Fernald by Paul F. Fernald, Oklahoma City, for petitioner.

Fenton, Fenton, Smith, Reneau & Moon by Milton R. Moon, Oklahoma City, for respondents, L. C. I., Inc. and Kansas City Fire & Marine Ins. Co.

HODGES, Justice.

This is the second appeal by the litigants to this Court. The Workers' Compensation Court entered an order on December 30, 1976, finding that the claimant, Jim E. Hays, had sustained an accident arising out of and in the course of his employment, and entered an award for temporary total disability compensation. Following the entry of that order, L. C. I., Inc., his employer, appealed, and the award was vacated.

The opinion promulgated by this Court in Case No. 50,554 concerned the insufficiency of medical evidence. This Court, found, as a matter of law, that the claimant failed to prove an injury arising out of and in the course of his employment. The claimant did not petition for rehearing, and the mandate was issued on February 23, 1978.

Thereafter, claimant moved to take the deposition of the examining physician in preparation for a new hearing on the case on May 15, 1978. The employer and Kansas City Fire & Marine Insurance Company, respondents, filed a motion to suppress the notice to take deposition, asserting that the Supreme Court's opinion was a final determination and that a new hearing was improper. The Workers' Compensation Court entered an order holding that it did not have jurisdiction because the previous opinion of this Court had vacated the award and denied the claimant's claim for compensation.

The issue on appeal is the significance of an order of this Court, vacating an award without directions. It is asserted by the claimant that it is tantamount to the granting of a new trial.[1] The respondent argues that the matter is res judicata;[2] and that because the claimant failed to seek a remand to take further medical evidence while the cause was pending on appeal, or to petition this Court for rehearing; he has had his day in court and is precluded from the initiation of further proceedings.

■ The word vacate, as applied to a judgment or an order, means to rescind, to eliminate, to set it aside, or render the order void or a nullity.[3] It is clear from a plain reading of the opinion of this Court in Cause No. 50,554 that it was intended as a final disposition of the matter. The opinion stated:

". . . There was no evidence of probative value to support finding cause of alleged disability. The order entered was contrary to all evidence produced before the trial tribunal and is contrary to law.

"This determination obviates need to consider error said to result from trial court failure to make any finding in respect to issue concerning failure of written notice. AWARD VACATED."

Had this Court intended to permit additional proceedings before the Workers' Compensation Court, the cause would have been remanded. When this Court vacated the award without a remand, this constituted a final adjudication of the claim.[4]

ORDER SUSTAINED.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

WILLIAMS and DOOLIN, JJ., dissent.

---

1. Claimant relies on *Coxsey v. Taylor, 201 Okl. 447, 209 P.2d 506 (1948)* where the Court held it was not error to grant a new trial where the cause was reversed without directions. In *Coxsey,* however, the case was reversed, an award was not vacated.

2. The respondent relies on *Stumpff v. Harper, 90 Okl. 195, 214 P. 709 (1923)* for the position that when a party appeals and the judgment of the trial court becomes res judicata, the trial court is without jurisdiction to retry the issues previously adjudicated.

3. *In Matter of Meekins, 554 P.2d 872, 875 (Okl. App.1976); Ohio Fuel Gas Co. v. City of Mt. Vernon, 37 Ohio App. 159, 174 N.E. 260, 262 (1930); In re Phelps' Estate, 93 Minn. 350, 101 N.W. 496 (1904).*

4. This same question was presented in *City of Oklahoma City v. Sturm, 596 P.2d 877, 879 (Okl.1979),* where this Court issued a writ of prohibition to prevent the unauthorized use of judicial authority when the trial court attempted to hold further proceedings in a worker's compensation claim after the award had been vacated without remand.