John Thomas HARRIS, Petitioner,

v.

OKLAHOMA COUNTY DISTRICT COURT and The State of Oklahoma, Respondents.

No. P–88–50.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1988.

Publication Ordered Feb. 18, 1988.

Irven R. Box, Oklahoma City, for petitioner.

Robert H. Macy, Dist. Atty., Oklahoma City, for respondents.

## ORDER DENYING WRIT OF PROHIBITION

On January 22, 1988, petitioner filed an application for writ of prohibition with this Court, asking this Court to prohibit the Oklahoma County District Court from retaining jurisdiction in Case No. CRF–87–4543. Petitioner was charged with First Degree Murder and was found not guilty by reason of insanity. The district court ordered his release from incarceration on Friday, January 15, 1988. However, after a hearing held on the morning of January 22, 1988, the district court issued an order, directing that petitioner be picked up in order to place him under psychiatric care at Eastern State Hospital in Vinita, Oklahoma, pursuant to 22 O.S.1981, § 1161. On the afternoon of January 22, this Court issued an order staying all proceedings in Case No. CRF–87–4543 and directing a response to be filed by January 27, 1988. Both parties timely filed their responses. This Court directed a second response be filed by the State. This response was filed on February 2, 1988. A hearing was held before this Court on February 11, 1988.

Petitioner sets forth two propositions in support of his request. He first alleges that the district court is without jurisdiction to issue a warrant because jurisdiction was relinquished at the time the release was signed. In support of this argument, he relies on *Toms v. State,* 95 Okl.Cr. 60, 239 P.2d 812, 815 (1952), which indicates that jurisdiction is lost when the court performs an act clearly showing the intent to relinquish jurisdiction. Petitioner agrees that 22 O.S.1981, § 923 allows a defendant to be held over for legal cause after the judgment of acquittal. He further agrees that 22 O.S.1981, § 1161 mandates the detention of a defendant found not guilty by reason of insanity in order that a determination of his present mental health can be made. He simply argues that the district court does not have continuing jurisdiction under Section 1161 if the defendant is released, intentionally or unintentionally, before a psychiatric examination is performed.

 Title 22 O.S.1981, § 1161 mandates a psychiatric examination. The relevant language reads as follows:

§ 1161. Acts of insane person not punishable—Acquittal on ground of insanity —Discharge Procedure

... When the defendant is acquitted on the ground that he was insane at the time of the commission of the crime charged, said person shall not be discharged from custody until the court has made a determination that said person is not presently mentally ill and dangerous to the public peace or safety.

To assist the court in its determination, the court shall immediately issue an examination order and specify the state hospital for the mentally ill in which said person is to be hospitalized ... [S]aid person shall remain hospitalized for a period of not less than thirty (30) days. Within forty-five (45) days of said hospitalization, a hearing shall be conducted by the court to ascertain whether the said person is presently mentally ill and dangerous to the public peace or safety ...

Clearly, the district court erred by releasing petitioner without performing its statutory duty. The only question left to be answered is whether the district court may now correct its mistake.

Title 12 O.S.1981, § 1031 provides for the correction of irregularities which occur during court proceedings. If an order issued by the district court is clearly erroneous

under a current statute, the court can modify or vacate its judgment. *See, e.g., Hays v. L.C.I., Inc.,* 604 P.2d 861, 862 (Okla. 1979). Similar to the present situation, the court in *Knell v. Burnes,* 645 P.2d 471, 473 (Okla.1982), was allowed to vacate its judgment. In that case, the court took a matter under advisement, allowing the defendant time to brief the issues. When the defendant timely filed his brief, he discovered that judgment had been entered. The court set aside its judgment when the defendant pointed out that the judgment had been entered prematurely. In the present case, an order requiring petitioner's release was entered prematurely without giving consideration to the dictates of Section 1161. Within one week, the district court vacated its previous order so that required statutory procedures could be followed. It is inconceivable to this Court why Assistant District Attorney Lou Keel, the prosecuting attorney, failed to bring this statute to the attention of the district court. However, in spite of this neglect, the district court was within its authority to vacate its previous order of release. The mandatory language of Section 1161 requires that the district court have jurisdiction until it is determined that the acquittee is not a threat to himself or others. Accordingly, we believe that the district court acted within its jurisdiction.

As his second proposition in support of his request for a writ of prohibition, petitioner argues Section 1161 is unconstitutional. Petitioner asserts that due process dictates that notice and opportunity to be heard must be provided to any individual before that individual can be deprived of his liberty for "not less than thirty (30) days." *See* 22 O.S.1981, § 1161. Petitioner's argument is very persuasive, especially in light of the fact that a criminal defendant is presumed sane at the time of trial but can be detained to determine his sanity after a verdict of not guilty by reason of insanity. Petitioner argues that while the State may have a legitimate purpose for requiring an determination as to present dangerousness, the statute does not employ the least restrictive means possible to achieve the purpose. When directed to respond to this argument, the State failed to present any persuasive authority contrary to petitioner's position.

■ Through its own research, this Court found that the same issue was decided by the United States Supreme Court in *Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983). In *Jones,* Justice Powell, writing for the majority, dealt with a statute very similar to Section 1161. While it was agreed that "commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," the Supreme Court held the State has a constitutionally adequate purpose for confinement. This purpose was the protection of public health and safety and the rehabilitation of mental patients. In determining that the statute met minimal due process requirements, the Supreme Court thought it important that the initial confinement was for a relatively short period of time. After the initial confinement, a hearing was required to determine the present sanity of the defendant in order that he not be held indefinitely without opportunity to be heard.

While we believe Justice Brennan's dissenting opinion is better-reasoned, we are bound to follow the holding in *Jones.* Under Section 1161, a defendant is committed for examination for thirty (30) days. Within forty-five (45) days, a hearing must be held in which the judge determines the present dangerousness of the acquittee. Therefore, under the ruling in *Jones,* 22 O.S.1981, § 1161 is not an unconstitutional imposition on due process.

IT IS THEREFORE THE ORDER OF THIS COURT that the writ of prohibition be DENIED. IT IS FURTHER ORDERED that the stay of proceedings be lifted, allowing the Oklahoma County District Court to proceed in this matter.

IT IS SO ORDERED.

BRETT, P.J., and BUSSEY and PARKS, JJ., concur.